UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

JONATHAN W. RUDE
1822 Briar Ridge Court
McLean, Virginia 22101

      Plaintiff,

  v.                                 CASE No. _____

THE DANCING CRAB AT WASHINGTON
HARBOUR, L.P.
Trading As:
Tony & Joe's Seafood Place
And Nick's Riverside Grill
3000 K Street, N.W.
Washington, D.C. 20007

And

DEAN A. CIBEL
6204 Carnegie Drive
Bethesda, Maryland 20817

And

UNIDENTIFIED PARTNERS AND
MANAGERS NUMBERS 1 through 6,

      Defendants.

## COMPLAINT

COURT JURISDICTION AND VENUE

1. Plaintiff, Jonathan W. Rude, is a resident of the State of Virginia residing at 1822 Briar Ridge Court, McLean, Virginia 22101.

1

2. Defendant Dean A. Cibel, upon information and belief, is a resident of the State of Maryland residing at 6204 Carnegie Drive, Bethesda, Maryland 20817.

3. Defendant The Dancing Crab at Washington Harbour, L.P. is a limited partnership established under the laws of the State of Maryland with its principal place of business located at 11005 Earls Gate Lane, Rockville, Maryland 20850.

4. Defendant The Dancing Crab at Washington Harbour, L.P. is registered to conduct business in the District of Columbia with its business location at 3000-3050 K Street, N.W., Washington, D.C. 20007.

5. Defendant The Dancing Crab at Washington Harbour L.P. conducts business at 3000 K Street, N.W. utilizing the trade name of Tony & Joe's Seafood Place.

6. Defendant The Dancing Crab at Washington Harbour, L.P. conducts business at 3050 K Street, N.W. utilizing the trade name of Nick's Riverside Grill.

7. This court is vested with jurisdiction pursuant to section 1332 of Title 28 United States Code in that there is complete diversity of known parties and plaintiff has incurred damages in excess of US $75,000.00 dollars.

STATEMENT OF FACTS

8. Defendant The Dancing Crab at Washington Harbour L.P. (hereafter "Dancing Crab") conducts business as a restaurant, bar and dining establishment at the locations identified in paragraph 5 and 6 above and has been issued a license to serve alcoholic beverages, class CRO3, by the Government of the District of Columbia Alcoholic Beverage Regulation Administration which license was in effect during the period January 1, 2004 through December 31, 2004.

9. Defendant Dancing Crab obtained permission to and in fact sells alcoholic beverages between the hours of 11:00 A.M. and 3:00 A.M. at 3000-3050 K Street, N.W., Washington, D.C. 20007 on both Friday and Saturdays.

10. Defendant Dancing Crab, pursuant to its license from the Alcoholic Beverage Regulation Administration, maintained a bar closing hour of 3:00 A.M. on June 27, 2004.

11. Defendant Dean A. Cibel was a general manager employed by Defendant Dancing Crab during the period June 1 through June 30, 2004.

12. Defendant Dean A. Cibel's duties and responsibilities included the responsibility for the daily operations of, the conduct of business by, supervision of personnel, and overall management of Defendant Dancing Crab on the night of June 19th and early morning of June 20th, 2004.

13. Defendant Dean A. Cibel was in charge and responsible for the daily operations of, the conduct of business by, supervision of personnel, and overall management of Defendant Dancing Crab on the night of June 26th and early morning of June 27th, 2004.

14. There were managers subordinate to Dean A. Cibel which were also working at Defendant Dancing Crab during the month of June 2004, which as yet remain unidentified but will be identified and named after discovery.

15. That the duties and responsibilities of Dean A. Cibel included the approval of the hiring, discipline, retention of and termination of employees of Dancing Crab.

16. That the restaurant and facilities of Dancing Crab are located at Washington Harbour Complex at 3000-3050 K Street, N.W. which facilities include an outside

patio bar that abuts a public boardwalk adjacent to the Potomac River in Washington, D.C.

17. Dancing Crab during the period June 1 through 30, 2004 permitted, acquiesced and authorized Oluwatosin A. Adeboyeku to hold himself out as and to conduct himself as a supervisor and manager in regard to the provision of security and supervision of doormen/bouncers for Dancing Crab.

18. Anthony B. Wood, a/k/a Willie Joyner, Jr. was employed by Dancing Crab as a doorman/bouncer during the period June 1, 2004 through at least the end of September, 2004.

19. Olayinka Adeboyeku, a/k/a "Yinka" was employed by Dancing Crab as a doorman/bouncer during the period June 1, 2004 through June 27, 2004.

20. The duties and responsibilities of a doorman/bouncer employed by Dancing Crab include, but are not limited to, maintaining order including the prevention of altercations between customers and between customers and employees, keeping Dancing Crab guests and customers safe from harm, maintaining compliance with the police regulations and laws of the District of Columbia regarding the consumption of alcoholic beverages, and such other duties and responsibilities as are directed by the management of Dancing Crab.

21. Anthony B. Wood possesses a criminal conviction history which history includes three felony convictions for crimes of violence including unlicensed possession of weapons, possession of drugs, and distribution of drugs in both the District of Columbia and State of Georgia.

22. Dancing Crab owners and management, including Dean A. Cibel, had knowledge of and were aware of the nature of the criminal convictions of Anthony B. Wood.

23. That Olayinka Adeboyeku was an employee of Dancing Crab during the year 2001.

24. That Olayinka Adeboyeku, upon information and belief, on or about July 8, 2001 in conjunction with Oluwatosin Adeboyeku and a third doorman/bouncer, did viciously attack, strike and injure a customer of Dancing Crab by the name of Badr Jaouhari-Idrissi, also known as Jaquhari I. Badr ("Badr").

25. That the injuries received by Badr were to his head, face, eyes and jaw.

26. That Badr subsequently brought a civil suit against Dancing Crab docketed as Badr v. The Dancing Crab at Washington Harbour, Dist. Col. Sup.Ct. Case No. 5275-02.

27. That as a direct and proximate result of the attack upon Badr, the employment of Olayinka Adeboyeku was terminated by Dancing Crab.

28. Dancing Crab, with knowledge of the violent character, nature and disposition of Olayinka Adeboyeku and with the knowledge of the July 2001 incident involving Badr, did rehire Olayinka Adeboyeku in approximately April 2004 as a doorman/bouncer to work at defendant's facilities located at 3000-3050 K Street, N.W. Washington, D.C.

29. That at approximately 1:30 A.M. on June 20, 2004 Olayinka Adeboyeku again assaulted and committed a battery on a customer of Dancing Crab at the Washington Harbour Complex.

30. Plaintiff witnessed the June 20, 2004 assault and battery by Olayinka Adeboyeku and immediately reported the attack to Mr. Robert Puzio, a manager of Dancing Crab.

31. Dancing Crab maintains standards of conduct for its doormen/bouncers, which included both Anthony B. Wood and Olayinka Adeboyeku, that doormen/bouncers are not to physically touch, strike or hit, push, shove, grab, use certain types of physical restraints, or in any manner assault or batter any customer or member of the public.

32. The violation of the doorman/bouncer standards of conduct constitutes grounds for dismissal and termination of employment by Dancing Crab.

33. Olayinka Adeboyeku was subject to and in fact violated the Dancing Crab standards of conduct on June 20, 2004.

34. On June 27, 2004 Olayinka Adeboyeku, while in the employment of Dancing Crab, on duty and in furtherance of the business of Dancing Crab and in Defendant's facilities, did assault and threaten Plaintiff with serious bodily injury.

35. Anthony B. Wood and Oluwatosin Adeboyeku, accompanied Olayinka Adeboyeku, in the course of assaulting Plaintiff together obstructed and blocked the main exit from the facilities of Dancing Crab while Plaintiff was inside the restaurant.

36. Plaintiff, at all times relevant to this complaint, exercised reasonable care for himself and for the safety of others.

37. Olayinka Adeboyeku and Anthony B. Wood as part and parcel of this ongoing assault thereafter chased and did jointly attack, assault and batter Plaintiff,

including kicking his head, resulting in serious bodily injuries, including at least two concussions, dislocated shoulder, shattered cheek bones, broken eye socket and facial fractures causing great bodily pain and suffering requiring multiple reconstructive surgeries and months of rehabilitation.

38. Anthony B. Wood was arrested by the Metropolitan Police Department on June 27, 2004 at the restaurant facilities of Dancing Crab and charged with Aggravated Assault on Plaintiff.

39. Olayinka Adeboyeku, upon information and belief, was secreted from the Metropolitan Police Department by personnel employed by Dancing Crab, fled the District of Columbia but was subsequently arrested on a fugitive warrant in Montgomery County, Maryland.

40. Olayinka Adeboyeku was returned to the District of Columbia and charged with Aggravated Assault on Plaintiff.

CLAIMS

COUNT NO. 1
(Personal Injury-Respondent Superior)

41. The averments of paragraphs 1 through 40 are incorporated herein as if set forth in full.

42. Olayinka Adeboyeku and Anthony B. Wood were in the employ of Dancing Crab when they engaged in the assault and battery on Plaintiff during regular business hours and such vicious assault and attack resulted in serious harm, emotional distress, fear of personal safety, and bodily injury to Plaintiff.

7

43. Olayinka Adeboyeku and Anthony B. Wood, were under the immediate supervision and control of Oluwatosin Adeboyeku acting within the scope of his authority and in furtherance of the business of Dancing Crab, had the tacit if not explicit approval of that manager to engage in the involved assault.

44. Oluwatosin Adeboyeku further ratified the acts of Anthony B. Wood and Olayinka Adeboyeku by withholding the identity of Olayinka Adeboyeku and information regarding the assault from the police officers that entered the Dancing Crab facilities at approximately 2:40 A.M. for the purposes of investigation of and searching for the individuals that engaged in the attack on Plaintiff that had occurred at approximately 2:15 A.M. on June 27, 2004.

45. Defendant Dancing Crab is responsible for the acts of its employees, including Anthony B. Wood, Olayinka Adeboyeku and Oluwatosin Adeboyeku as such acts were foreseeable by Defendants Dancing Crab and Dean A. Cibel and Dancing Crab is therefore liable to Plaintiff for the involved assault, battery and injuries incurred by Plaintiff.

46. Plaintiff, as a direct and proximate result of the acts of Anthony B. Wood, Olayinka Adeboyeku and Oluwatosin Adeboyeku, suffered serious bodily injury, including a separated shoulder, concussions, broken and shattered bones in his face, extensive pain and suffering over an extended period of time, as well as cuts and abrasions on his face, head and legs.

47. Plaintiff had to undergo three (3) reconstructive surgeries, including the insertion of titanium plates in his head to repair Plaintiff's eye socket, face and shoulder

and will be further required to undergo an fourth surgical procedure to complete his rehabilitation.

## COUNT NO. 2
(Personal Injury-Breach of Duty of Care)

48. The averments of paragraphs 1 through 47 are incorporated herein as if set forth in full.

49. Defendant Dancing Crab, as well as Defendant Dean A. Cibel, had a duty of care to Plaintiff which included, but was not limited to, (a) duty to maintain a safe and secure public establishment, (b) duty to warn Plaintiff as the intention of Defendant's employees to assault and attack Plaintiff, (c) duty to enforce Dancing Crab standards of conduct for doormen/bouncers, (d) duty to affirmatively restrain employees from engaging in assaults and physical attacks on its patrons, (e) duty to obtain the assistance of public authority when it is known or should be known that a criminal act is to occur, (f) duty to protect its patrons from harm, and (g) duty not to subject patrons to known hazardous and dangerous conditions and employees, as well as those dangerous conditions which could reasonably be foresee or discovered.

50. It was foreseeable by Defendants that a breach of the duties identified in paragraph 49 above would result in injury to members of the public, patrons, customers and invitees of Dancing Crab including Plainitff.

51. Defendants Dancing Crab and Dean A. Cibel breached the aforementioned duties owed to Plaintiff and as a direct and proximate result, Plaintiff was serious injured such injuries being plainly foreseeable by both defendants.

52. Plaintiff, as a direct and proximate result of Defendants' breach of their duties to Plaintiff, suffered serious bodily injury, including a separated shoulder, concussions, broken and shattered bones in his face, extensive pain and suffering over an extended period of time, as well as cuts and abrasions to his face, head and legs.

53. Plaintiff had to under three (3) reconstructive surgeries, including the insertion of titanium plates in his head to repair Plaintiff's eye socket, face and shoulder and will be further required to undergo a fourth surgical procedure to complete his rehabilitation.

COUNT NO. 3
(Personal Injury- Negligence in the hiring, supervision and
retention of employees, ratification of conduct)

54.  The averments of paragraphs 1 through 52 are incorporated herein as it set forth in full.

55. Defendants Dancing Crab and Dean A. Cibel, as well as managers and owners to be identified through discovery, had knowledge of the violent nature and character of both Anthony B. Wood and Olayinka Adeboyeku.

56. Defendants Dancing Crab and Dean A. Cibel had knowledge of the unsuitability of Anthony B. Wood and Olayinka Adeboyeku to act as representatives of, agents for, and to interact with Dancing Crab patrons, customers and invitees yet hired and placed such persons in positions that permitted Anthony B. Wood and

Olayinka Adeboyeku to have contact with and interact with Dancing Crab patrons, customers and invitees.

57. Defendants Dancing Crab and Dean A. Cibel had knowledge of Olayinka Adeboyeku's involvement in the July 2001 assault and battery upon Badr as well as the June 20, 2004 assault and battery.

58. Defendants Dancing Crab, Dean A. Cibel and owners and managers yet to be identified, were negligent in rehiring Olayinka Adeboyeku when defendants knew, or should have known, of his violent and aggressive disposition.

59. Defendants Dancing Crab, Dean A. Cibel, and owners and managers yet to be identified, were negligent in permitting Olayinka Adeboyeku to act as a doorman/bouncer when they knew or should have known, that such employment would result in injuries to those with whom he came into contact.

60. Defendants Dancing Crab, Dean A. Cibel, and owners and managers yet to be identified, were negligent in continuing Olayinka Adeboyeku in employment after having notice of his assault and battery on a patron of Dancing Crab on June 20, 2004.

61. Defendants Dancing Crab, Dean A. Cibel, and owners and managers yet to be identified, were negligent in permitting Olayinka Adeboyeku to remain on the premises of and be employed by Dancing Crab when they knew, or should have known of Plaintiff's frequenting the Washington Harbour Complex and Olayinka Adeboyeku's aggressive and antagonistic position toward Plaintiff as a result of Plaintiff's reporting the June 20, 2004 misconduct by Olayinka Adeboyeku.

62. Defendants Dancing Crab, Dean A. Cibel, and owners and managers yet to be identified, were negligent in failing to supervise Olayinka Adeboyeku and Anthony B. Wood such as to prevent these individuals from chasing and attacking Plaintiff on June 27, 2004.

63. Defendants Dancing Crab, Dean A. Cibel, and owners and managers yet to be identified, were negligent in hiring and retaining in employment Anthony B. Wood when they knew, or should have known, of the violent and aggressive nature of Anthony B. Wood and that such employment would result in injuries to those with whom Anthony B. Wood came into contact.

64. Defendants Dancing Crab, Dean A. Cibel, and owners and managers yet to be identified, were negligent in the retention in employment of Anthony B. Wood when they knew, or should have known, of Anthony B. Wood's violent past, his crimes of violence, his instigation of and participation in physical altercations, and his participation in the vicious assault and battery on Plaintiff which occurred on June 27, 2004.

65. Defendants Dancing Crab, Dean A. Cibel, and owners and managers yet to be identified, through retention of the employment of Anthony B. Wood ratified, condoned and adopted as their own, his unlawful conduct in the attack, assault and battery of Plaintiff which occurred June 27, 2004.

66. Injury to the members of the public, patrons and invitees, including Plaintiff was clearly foreseeable by Defendants as a direct and proximate result of the negligence as stated in paragraphs 54 through 65 above.

67. Plaintiff, as a direct and proximate result of Defendants Dancing Crab, Dean A. Cibel, and owners and managers yet to be identified, suffered serious bodily injury, including a separated shoulder, concussions, broken and shattered bones in his face, extensive pain and suffering over an extended period of time, as well as cuts and abrasions to his face, head and legs.

## DAMAGES

WHEREFORE, Plaintiff Jonathan W. Rude prays that he be awarded the sum of Five Million Dollars ($5,000,000.00) for past and future medical damages, pain and suffering and mental anguish, for permanent injury and disfigurement and for such other and further relief as the court deems just and appropriate in the circumstances.

Plaintiff further prays that based upon Defendants willful disregard for the rights of Plaintiff and Defendants' gross and reckless disregard for their public duties and the rights of Plaintiff that Plaintiff be awarded punitive damages in an amount to be proven at trial against defendants, but not less than Twenty Five Million Dollars ($25,000,000.00), and for such other and further relief as the court deems just and proper in the circumstances.

Respectfully submitted,

_____
RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, Virginia 22046
Tele. (703) 536-3063
Fax. (703) 536-4841
Attorney For Plaintiff