# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

JONATHAN W. RUDE,

       Plaintiff,

v.                           Case No. 1:05CV01278RCL

THE DANCING CRAB AT
WASHINGTON HARBOR, Et. Al.,

       Defendants.

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR CONSOLIDATION OF CASES

COMES NOW, Plaintiff, by and through his counsel, and submits this Opposition to Defendants' Motion For Consolidation of the above captioned proceeding with *Rude v. Adbeoyeku Et Al.,* Case Number 1:05CV01274RCL. Plaintiff, in opposition to Defendants' motion states as follows:

### Opposition Statement of Facts

Defendant has submitted to the court a one page motion which contains no specific factual averments. The motion, citing Fed.R.Civ.Proc. 42, merely alleges that (1) "the facts that give rise to both causes of action are the same", that (2) "all of the fact witnesses will be the same in both cases" and therefore that (3) it would be in the interests of judicial economy to consolidate the cases for purposes of discovery. Defendants provide no identification of the alleged fact witnesses and the purported overlapping factual testimony. There is no memorandum of points and authorities in

1

support of the relief sought in the motion nor any substantive discussion of how the cases fit within and comply with the requirements of Rule 42(a), Fed.R.Civ.Proc.42(a).[1]

It is not possible for Plaintiff to provide a detailed response to Defendants' motion due to the lack of any specific factual averments advanced in support of the motion. While this situation in and of itself would be sufficient grounds to summarily deny the motion to consolidate, the following facts are relevant to this consolidation issue.

(1) Case No. 05CV01274RCL involves intentional torts of assault and emotional distress.

(2) Case No. 05CV01278RCL involves issues of negligence.

(3) There is no overlap of Defendants.

(4) The matters in 05CV01274RCL specifically involve the actions of two named defendants.

(5) The matters in 05CV01278RCL involve fact situations which substantially pre-date the assault on June 27, 2004 as well as defendants' business management practices; knowledge of the violent histories of its employees; and the actions taken by Defendants to maintain a safe premises and protect their constituent clients from harm.[2]

---

[1] Rule 42(a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

[2] One simple example of this is the rehiring and retention of an individual that was involved in an attack on a customer in July 2001; subsequently involved in an attack on another customer earlier in the month of June 2004; was arrested for aggravated assault in the attack on plaintiff; and which has publicly stated that he hated Georgetown students. Georgetown students comprised a signifigant percentage of the Dancing Crab's customer base. It is the belief of counsel for plaintiff that having such an employee in the midst of Dancing Crab clientele was a "recipe for trouble and disaster" which is exactly what occurred on June 27, 2004.

(6) The legal issues in 05CV01274RCL are simply whether or not the named

    defendants assaulted plaintiff.

(7) The legal issues in 05CV01278RCL involve defendants' actions in rehiring,

    supervision and retention of employees and the duties of care that the defendants

    owed to the public, including Plaintiff.

It must also be noted that neither Dancing Crab nor Dean Cibel have disputed the fact

of the involved assault or that two employees of the Dancing Crab were arrested by the

Metropolitan Police Department for the involved assault. (See Defendants' Answers.

Para. 18, 19, 38-40). The facts relevant to *Rude v. Adbeoyeku, et al.* Case No.

05CV01274RCL are not in serious dispute in the instant proceeding. It is anticipated by

Plaintiff that the legal issues in Case No. 05CV01278RCL will involve Defendants'

management practices and what were the duties of care owed to Plaintiff.

Defendants are plainly mistaken in the contention that "all" of the facts and witnesses

will be the same. For example, how would Dean Cibel, a defendant in the instant

proceeding, be a relevant fact witness to the assault by Wood and Adeboyeku on

Plaintiff? Did he see it? We do not know and this is just the type of "fact omission"

which is plainly fatal to Defendants' motion for consolidation.

<u>ARGUMENT</u>

There can be no argument that a party moving for consolidation has the burden of

showing the commonality of factual and legal issues necessary to consolidate separate

actions. Cf. *In Re Repetitive Stress Injury Litigation*, 11 F.3d. 368, 373 (2nd Cir. 1993).

Defendants have not submitted any specific facts. It is well established that the trial

courts must examine "the special underlying facts" with "close attention" before the court

orders a consolidation. *Ibid.* The Defendants have not met their evidentiary burden for this motion.

In addition to this failure to adduce any specific facts to support the motion, it is noted that the legal issues are profoundly different between the two cases. The allegations of misconduct are different in each case (See the discussion at page 2-3 infra). This court recently denied a motion to consolidate noting that the allegations of misconduct were "different" in the cases under review. Cf. *Stewart v. O'Neill*, 225 F.Supp.2d. 16, 21 (D.DC. 2002).

The unsupported motion to consolidate must also be denied on practical grounds. The management of this litigation would be substantially complicated and disputes will only be compounded by multiplication of the number of counsel, legal and factual issues. There is a great deal of truth to the old maxim that "the greater the number of lawyers that are in the same room, the less that is agreed". This situation would likewise increase the requirement of the court's involvement at this phase as well as delays which are inherent regarding discovery, schedules, locations, etc. Any consideration of consolidation at this juncture is premature at best and would not be conducive to the management of either proceeding.

Respectfully submitted,

RICK A. RUDE, ESQ. #244897
Suite 103
207 Park Avenue
Falls Church, Virginia  22046
(703) 536-3063 Tele.
(703) 536-4841 Fax.

Dated: 20 December 2005

Counsel For Plaintiff

4