UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE,

    Plaintiff,

v.                                              Case No. 1:05cv1278RCL

DANCING CRAB AT WASHINGTON
HARBOUR, L.P. et al.,

    Defendants.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, in further support of his motion to compel compliance with Rule 26(a)(1), hereby states as follows:

## STATEMENT OF FACTS

The parties, pursuant an agreement, set the date of December 15, 2005 as the date of exchange of initial informational disclosures required by Rule 26(a)(1). Defendant's Initial Disclosure was received by counsel for plaintiff on December 19, 2005. The defendants listed a total of 33 individuals believed to have relevant information. A review of these names revealed that many were employees of Defendants. Defendant, Dancing Crab at Washington Harbour, L.P., has employment application forms which are part of a personnel file on each employee. These files are believed to contain the actual addresses and locations of these employees. This information is also used to forward federal W-2 forms to each employee. The defendants inserted "3000 K Street, N.W. Washington, D.C." as the residential addresses of many of these employees (See Attachment No. 1 hereto). That information is plainly incorrect. Plaintiff notified defense counsel of the need to correct this information on December 19th. Defendants did not respond to the

request to correct the information. Plaintiff again forwarded an e-mail on January 4, 2006 requesting compliance with the December 19th request. Counsel for plaintiff also made follow up telephone calls and left message to contact counsel regarding this deficiency in the initial disclosure. Again, no response was provided by defendants. On January 18, 2006 again plaintiff submitted an e-mail to defendants requesting the correction and advising of the instant motion should no response be provided. It was also noted that these requests included information regarding available dates to schedule depositions. Again, nothing has been forth coming from defendants nor their counsel.

## ARGUMENT

The Court's Rules of Civil Procedure include requirements for disclosure of information without demand by the opposing parties. Rule 26(a)(1)(A) provides that a party shall provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information ..." The disclosure by Defendant employs an obviously incorrect address for a number of these listed witnesses. These witnesses either are or were employees of defendant. Plaintiff has attached that portion of the initial disclosure of defendants which is relevant to this motion and has circled the names of the individuals known to be or have been employees of Dancing Crab.

## CONCLUSION AND REQUEST FOR RELIEF

In consideration of the above and foregoing, it is hereby respectfully requested that defendants be immediately ordered to provide proper addresses and home telephone numbers for the following persons:

Robert Puzio

John Eagletown

Jeff Saunders

Charles "Chuck" Moran

Adrian Russo

Dave Barrow

James King

Chris Evanson

Matt Rapoza

Anthony DeStasio

Sen Hutton

Calvin Tillman

Sean Griffith

Ryan Goethails

DJ Cincogrono

Matt Krouner

Rick Yurico.

It is further prayed that the court enter an order for any other and further relief which the court deems just and appropriate in the circumstances.

Dated: 25 January 2006

_____
RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA. 22046
(AC 703) 536-3063 Tele.
(AC 703) 536-4841 Fax.
Counsel for Plaintiff