UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE,

    Plaintiff,

v.                                Case No. 1:05cv01278RCL

THE DANCING CRAB AT WASHINGTON
HARBOUR, L.P. et al.,

    Defendants.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY

COMES NOW, Plaintiff, Jonathan W. Rude, by and through his counsel, and submits this Memorandum of Points and Authorities in support of Plaintiff's Motion To Compel Compliance With Discovery issued to defendant The Dancing Crab at Washington Harbour, L.P. (hereinafter referred to as "defendant" or "Dancing Crab").

On January 7, 2006 plaintiff issued to Dancing Crab plaintiff's first interrogatories and request for production of documents (See Exhibit No. 1 hereto, last page). The discovery request was received by defendant's counsel. Defendant has not answered the involved interrogatories nor has defendant produced any of the documents sought by this discovery. Further, defendant's counsel has not served any Objections upon counsel for plaintiff, NOR, filed any motion for protective order regarding this discovery. Defendant and its counsel are uncommunicative regarding all aspects of this litigation (See Certification of Counsel at page 2 of Plaintiff's Motion and Exhibit No. 2 hereto). (See also; Plaintiff's Motion To Compel Compliance With Rule 26(a)(1), Rule LCvR 7(m) Certificate).

1

Plaintiff has brought a personal injury action against Dancing Crab and Dean A. Cibel based upon respondent superior, negligence in the hiring, supervision and retention of employees, and ratification of conduct. The relevant documents and information, including identification of witnesses, present location and means of communicating with potential witnesses, documents, reports and video recordings of the events are within the sole possession of defendant. The refusal to comply with this discovery frustrates and obstructs plaintiff in the prosecution of its claims as against both Dancing Crab and Dean A. Cibel.

Federal Rule 26(b)(1) permits the discovery of any and all relevant information both which is directly admissible and that which may lead to admissible evidence. Rule 33(b)(3), F.R.CIV.P. 33(b)(3), requires that a party served with interrogatories serve answers and objections, if any, within thirty days after service of the interrogatories. Rule 34(b), F.R.CIV.P. 34(b) requires that a party served with a request for production of documents to make such documents available for inspection and that party "shall serve a written response" within thirty days after service of the document production request.

The date for answers for the involved interrogatories and production requests was February 10, 2006. Dancing Crab has not answered, objected, or otherwise responded. It is well established that the failure to timely object to a discovery request constitutes a waiver of any objection. See; _Richmark Corp. v. Timber Falliing Consultants_, (9th Cir. 1992), 959 F.2d. 1468, 1473; _Land Ocean Logistics v. Aqua Gulf Corporation_, 181 F.R.D. 229, 236 (W.D. NY. 1998).

The discovery involves nine interrogatories addressed to defendants' joint answer to the complaint and the matters raised therein. The document requests seek relevant and

material information in support of plaintiff's claims as well as those supporting defendants' contentions in this matter. The failure to comply with this discovery is highly prejudicial to plaintiff and amounts to an affirmative obstruction of discovery in this proceeding. Defendant has registered with the District of Columbia as a Maryland limited partnership conducting business in the District of Columbia. All matters relating to Dancing Crab's activities, filings and business is relevant, material and necessary to the proofs of plaintiff's claims for injury, damages as well as punitive damages.

It is hereby respectfully requested that Dancing Crab be ordered to fully and completely comply with Plaintiff's First Interrogatories and Request For Production of Documents. Further, that the Court set a date certain for compliance and that should defendant fail to comply that Plaintiff may seek sanctions commensurate with defendant's failure to comply with the required discovery.

RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA. 22046
(AC 703) 536-3063 Tele.
(AC 703) 536-4841 Fax.

Counsel For Plaintiff

Dated: 19 February 2006