<u>Case No. 05cv01278RCL</u>
<u>Rude v. Dancing Crab et al.</u>
<u>Motion To Compel Compliance With Discovery</u>

EXHIBIT NO. 1



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

JONATHAN W. RUDE,

    Plaintiff,

v.                              Case No. 1:05CV01278RCL

THE DANCING CRAB AT
WASHINGTON HARBOR, L.P. Et al.,

    Defendants.

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DANCING CRAB AT WASHINGTON HARBOR, L.P.

To: Richard Page Wyrough
    Counsel For Defendant

Returnable: 10 February 2006

Plaintiff, pursuant to Federal Rules of Civil Procedure 26(b)(1), 26(e), 33(a) and 34(a) hereby propounds the following interrogatories and requests for production of documents (the "interrogatories" and these "Requests") upon defendant The Dancing Crab at Washington Harbor, L.P. Defendant shall answer the following interrogatories and produce the requested documents at the offices of counsel for plaintiff, or such other location as is later identified by plaintiff, no later than the date identified above for review and photocopy. The interrogatories shall be signed by an individual, or individuals, that are authorized representative(s) of defendant, that have personal knowledge regarding the contents of the answers and who may be made the subject to oral deposition(s). Defendant is further required to supplement such discovery responses

as and required by the Federal Rules of Civil Procedure, to be updated through the date of trial of this proceeding.

### Instructions

1. If you object to any interrogatory or Request or part thereof on the claim of privilege, you must nevertheless provide the following information pursuant to Federal Rule of Civil Procedure 26(b)(5).

    a. the nature of the privilege claimed (including work product);

    b. if the privilege is being asserted in connection with a claim or defense governed by State or Federal law, the privilege rule being invoked;

    c. the date of the document or oral communication;

    d. if a document: its type (correspondence, memorandum, facsimile etc.) custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship of the persons present to the declarant; and

    e. the general subject matter of the document or oral communication.

2. You are under a continuous obligation to supplement your answers to these interrogatories and document requests under the circumstances specified in Rule 26(e).

3. To the extent that you consider any interrogatory or request objections, answer so much of each interrogatory or request and each part thereof as is not objectionable in your view and separately identify that part of thereof as to which you raise objection and each ground for each such objection.

4. Where documents in the possession or control of defendant are requested, each request includes documents not only in defendant's possession, but also documents over which defendant has control, including documents in the possession of defendant's agents, representatives, experts, and, unless privileged, defendant's attorneys.

5. Unless otherwise specified, the interrogatories and requests shall be limited to documents and information prepared, obtained, or existing during the period January 1, 2000 to the present.

6. All documents shall be produced as they are kept in the usual course of business. Individual files shall be produced separately and labeled to identify the person from whose files it is produced.

7. All documents shall be produced with a listing of each document or filed identified by Bates number(s).

8. Defendant shall answer each interrogatory separately and fully in writing under oath, unless it is objected to, in which event the reasons for the objection shall be stated in lieu of any answer. The answers are to be signed by the person making them and the objections signed by the attorney making them.

9. All interrogatories shall be answered on the basis of your knowledge, including that of your representatives, agents, and, unless privileged, attorneys. Each answer shall identify all persons involved or assisting in the response to that interrogatory, including but not limited to the person from whom the information contained in each answer was obtained. If you cannot answer any interrogatory on the basis of your personal knowledge, please answer the interrogatory on the basis

of your information and belief; all such responses, however, should indicated that the answer is based on your information and belief, rather than your personal knowledge.

10. If you cannot answer an interrogatory after conducting an reasonable investigation, please so state and answer to the extent that you can, stating what information you cannot provide and stating what efforts you have made to obtain the requested information.

11. If you object to, or otherwise decline to respond to any portion of any interrogatory, please answer that portion of the interrogatory to which you do not object or to which you do not decline to answer. If you object to an interrogatory on the ground that it is too broad (i.e. that it requests information which is relevant to the subject matter of the action and information which is not), please answer the interrogatory to the extent that it is concededly relevant. If you object to an interrogatory on the ground that to answer the interrogatory would constitute and undue burden, please answer the interrogatory to the extent that it can be answered without undertaking an undue burden.

### Definitions

As used herein, the following definitions apply:

"Agent" shall mean: any agent, employee, ex-employee, officer, director, partner, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

"Communication" includes, but is not limited to, correspondence, telephone calls, facsimiles, electronic mail ("e-mail"), and meetings; and records of such communications, including but not limited to transcripts, notes, records, memoranda, and recordings of such communications, in whole or in part.

"Defendant" shall mean the Dancing Crab at Washington Harbor, L.P., all partners thereof existing at any time during the legal existence of the partnership, Nicks Riverside Grill, Cabanas, its subsidiaries, parents and affiliates, including but not limited to, Profish, Ltd., Oceanpro Industries, Ltd., Waterside Management Corporation, Anthony B. Cibel, Dean A. Cibel, Nicholas J. Cibel and Gregory Casten.

"Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date based upon the relationship with other events.

The term "document" means any written or any other tangible thing of every kind and description, however produced or reproduced, whether draft or final, in the actual or constructive possession, custody or control of defendant, original or reproduction, including but not limited to: letters, correspondence, notes, films, transcripts, video tapes or electronic discs, telegrams, teletype messages, contracts and agreements including drafts, proposals, any and all modifications thereof, licenses, memoranda, notes, transcripts and recordings of telephone conversations or personal conversations, microfilm, microfiche, books, newspapers, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, memoranda (including inter and intra office memoranda, memoranda for file, pencil jotting, diary entries, desk calendar entries, expense accounts, recorded recollections and any other written form of notation of events thereto, draft minutes, resolutions and agendas) expressions and/or statements of policy,

5

lists of persons attending meetings and conferences, reports, rules, regulations, directions, communications, interoffice communications, reports, financial statements, tax returns, legers, books of account, proposals prospectuses, offers, orders, receipts, analyses, audits, working papers, computations, projections, tabulations, financial records, blueprints, plans, writings, drawings, graphs, charts, photographs, phono-records and other data computations for which information can be obtained (translated, if necessary into reasonably usable form), invoices, receipts, working papers, desk calendars, appointment books, diaries, time sheets, logs (electronic and paper), movies, tapes for visual audio reproduction, recordings, computer tapes and discs, electronic media, reports and/or summaries of investigations, opinions and/or reports of consultants, appraisals, reports and/or summaries of negotiations, proposals, "e-mail", electronic mail, voice mail or material similar to any of the foregoing, however denominated. The term "document" shall also include all copies of each document if the copies contain any additional writing or are not identical to copies of the originals.

"Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts controverts or contradicts.

The terms "identify" or "state the identity of" means as follows:

a) when used to refer to a non-natural person, provide the entity's full name, address of its main office or principal place of business, all addresses used by the entity,

its state of incorporation or organization, if any, telephone number of its principal place of business, and telephone number for each address used by the entity.

b) when used to refer to a natural person who is not an expert witness expected to be called at trial, provide his full name, occupation, present employer, business address and telephone number, and his home address and telephone number and a summary of the anticipated testimony from such person, if any.

c) when used to refer to natural persons who are individuals expected to be called as an expert witness at trial, provide all information required of a nature person who is not an expert witness pursuant to subsection b) above and in addition state witness' field of expertise and qualifications as an expert.

d) when used to refer to a "document," state the date of the document; its title, if any; identify the author or each person who participated in preparing the document; the persons or persons to whom it is addressed; the person or persons who were intended to receive one or more copies of all or part of the document at or about the time it was sent or delivered to its intended recipients; and identify each person who presently has possession, custody or control of the original and/or any copies of the document.

The terms "action" or "proceedings" shall mean the proceeding before the United States District Court docketed as Rude v. Dancing Crab et al. case no. 1:05CV01278RCL.

The term "criminal proceedings" means the proceedings before the Superior Court of the District of Columbia and including United States v. Wood, case no. F.04083-04, United States v. Adeboyeku, case numbers F. 04-04460-04 and F 04-04895-04, and State of Maryland v. Adeboyeku case number 06D00148819.

The term "third party" or "third parties" refers to individuals or entities that are not a party to this proceeding.

The term "facilities" shall refer to facilities controlled, managed, or operated by defendant located at 3000-3050 K Street, N.W. in the District of Columbia as well as any other restaurant facilities, warehouses, distribution centers, offices, including those at 1900 Fenwick Street, N.E. in the District of Columbia and all facilities, offices, warehouses, distribution centers or business locations in the State of Maryland.

The words "you", "yours" and/or "yourselves" mean defendant and any directors, officers, partners, employees, agents, representatives or other persons acting, or purporting to act, on defendant's behalf.

The term "describe in detail" means as follows: a) when used to refer to actions, identify each action by date, persons involved, actions taken, and documents involved. For all such persons or documents, identify such perons or documents in accordance with these instructions; b) when used to refer to an allegation or affirmative statement of fact, identify all evidence upon which you intend to rely to support the allegation or affirmative statement of fact and the legal basis for the allegation.

The use of the past tense shall include the present tense, and the use of the present terms shall include the past tense, so as to make any interrogatory or document request inclusive rather than exclusive.

The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" shall mean "including without limitation".

Unless otherwise defined, all words and phrases used in this document shall be accorded their usual meaning as defined in Webster's New Universal Unabridged Dictionary (1989 edition).

## INTERROGATORIES

1. State the principal facts and identify the documents which support the factual contention or allegation that plaintiff was a "trespasser and had been barred from defendant's premises."

2. State the principal facts and identify the documents which support the factual contention or allegation that plaintiff had "assumed the risk" as stated in defendant's fourth affirmative defense.

3. State the principal facts and identify the documents which support the factual contention or allegation that plaintiff was "contributorily negligent" as stated in defendant's third affirmative defense.

4. State the principal facts and identify the documents which support defendant's response to paragraph 28 of the complaint.

5. State the principal facts and identify the documents which support defendant's response to paragraph 29 of the complaint.

6. State the duties and responsibilities of Dean A. Cibel as an employee of defendant.

7. Identify all persons, including their duties and responsibilities, that were employees of defendant during the time period May 1, 2004 through October 30, 2004.

8. Identify all persons that were employees of defendant and that were working on any of the following days:

   a) June 19-20, 2004;

   b) June 26-27, 2004;

   c) July 23-25, 2004.

9. Identify all documents which were referred to by or used by defendant in the preparation of its answers to interrogatories 7 and 8 above.

## REQUEST FOR PRODUCTION OF DOCUMENTS

In accordance with the instructions and definitions set out above, defendant is hereby requested to identify and produce all of the following documents:

1. all articles of organization and/ or incorporation pertaining to defendant.

2. all documents pertaining to the identity of all partners, officers, directors and stockholders of defendant.

3. all documents pertaining to the identity and whereabouts of the employees and former of employees of defendant.

4. all documents identified in response to interrogatory number 9 above.

5. all financial records, financial statements, and tax returns and supporting documents concerning defendant, its subsidiaries, parent entities, participating partners or controlling partners, affiliates, successor or successors in interest.

6. all documents pertaining to the lease or occupancy of space by defendant at the Washington Harbor Complex located at 3000-3050 K Street, N.W., Washington, D.C.

7. all documents pertaining to employment standards, manuals, personnel policies, job descriptions, hiring, supervision and retention, termination and or disciple of employees.

8. all documents pertaining to the employment of all persons identified in response to interrogatory number 8.

9. all documents pertaining to defendant's applications for a license to sell alcoholic beverages as submitted to the District of Columbia Alcoholic Beverage Control Board.

10. all documents pertaining to applications for any "manager's license" for any employee of defendant as submitted to the District of Columbia Alcoholic Beverage Control Board.

11. all documents pertaining to the provision of any security services by any agent, employee, representative or contractor provided by or under the control of the persons that own, control or manage the facilities or buildings which house the business operations of defendant commonly known as the Washington Harbor Complex and located at 300-3050 K Street, N.W., Washington D.C.

12. all documents which reflect the actual hours and time worked by all employees identified in response to interrogatory number 8.

13. all documents which reflect or pertain to the procedures used by defendant in the practice of "banning" of patrons from defendant's facilities.

14. all documents which reflect the exact boundaries of defendant's facilities located at 3000-3050 K Street, N.W., Washington, D.C.

15. all documents which reflect or pertain to the incidents which occurred on or about July 8, 2001.

16. all documents which reflect or pertain to the incidents which occurred on or about June 19-20, 2004.

17. all documents which reflect or pertain to the incidents which occurred on or about June 26-27, 2004.

18. all documents which reflect or pertain to the incidents which occurred on or about July 24, 2004.

19. all documents which reflect any reports submitted to defendant's insurance carrier regarding any of the events identified in production requests 15, 16, 17, or 18.

20. all investigative reports, incident reports or documents pertaining to the banning of any patron of defendant.

21. all investigative reports, incident reports or documents pertaining to the assault on plaintiff on June 27, 2004.

22. all insurance policies issued to defendant which provides for insurance for the injury of a patron or customer of defendant and that was in effect during the period June 1, 2004 through July 30, 2004.

23. all documents pertaining to the security services provided by defendant, to the defendant, or on behalf of defendant during the years 2003 through 2005.

24. all documents which reflect or pertain to establishment of standards or maintenance of the safety criteria of or for patrons of defendant during the years 2000 through 2005.

25. all employment contracts between defendant and any individual that defendant designated as a 'manager' in the business activities and operations of defendant.

26. all documents which pertain to employee number 109 and further identified as "Natasha".

27. all documents which pertain to the employment of plaintiff by defendant.

28. all documents which pertain to the employment of Anthony B. Wood by defendant.

29. all documents which pertain to the employment of Olayinka Adeboyeku by defendant.

30. all documents which pertain to the employment of Oluwatosin Adeboyeku by defendant.

31. all documents which pertain to the employment of any person hired as a "bouncer or doorman" of defendant.

32. all documents which pertain to the employment of Robert Puzio by defendant.

33. all documents which pertain to the employment of Charles Moran by defendant.

34. all documents which pertain to the employment of John or Jonathan Eagleton by defendant.

35. all documents which pertain to the employment of any person hired as or was permitted to work as a 'bartender' by defendant.

36. all documents which reveal, reflect or pertain to the incident of June 26-27, 2004 and which may be contained or captured by the security cameras and systems which are located at 3000-3050 K Street, N.W., Washington, D.C.

37. all documents which pertain to any communications between defendant and Anthony B. Wood regarding the incident of June 26-27, 2004 which resulted in the injuries to plaintiff.

38. all documents which pertain to any communications between defendant and any employee of defendant and Olayinka Adeboeyku on or about July 24, 2004 relating to Mr. James Sylvester and the incidents of June 26-27, 2004.

39. all time sheets, time cards, electronic records which pertain to the hours of employment and actual physical presence of employees at defendant's facilities for the period May 1, 2004 through September 30, 2004.

40. all records of payments made in cash to any employee of defendant during the period January 1, 2003 to January 1, 2006.

41. all "w-2" forms issued to any employee that was employed by defendant as either a bartender or doorman/bouncer for the period January 1, 2003 through December 31, 2005.

42. all records of payments made to Olayinka Adeboyeku during the period January 1, 2001 through December 31, 2001.

43. all records of payments made to Olayinka Adeboyeku during the period January 1, 2002 through December 31, 2002.

44. all records of payments made to Anthony B. Wood during the period January 1, 2001 through December 31, 2005.

45. all records of payments made to Oluwastosin Adeboyeku during the period January 1, 2001 through December 31, 2005.

46. all meal checks issued by or written by Natasha on June 20, 2004.

47. all documents reflecting any disciplinary actions taken by defendant as to any employee during the period January 1, 2001 through December 31, 2005.

48. all documents pertaining to any services, products, materials, or goods of any kind whatsoever between defendant and any vendor(s) which has any kind of ownership interest in, or is under common management or control, or which has any management control over the business and operations of defendant.

49. all documents which identify persons that held the position of a 'manager' of the business and activities of defendant.

50. all documents which were submitted to the District of Columbia Department of Consumer and Regulatory Affairs by defendant.

Dated: 7 January 2006.

_____
RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA. 22046
(703) 536-3063   Tele.
(703) 5366-4841  Fax.

Counsel For Plaintiff.

15

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete Items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *Pamela M. Rott*  ☐ Agent ☑ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery 1/9/06 |
| 1. Article Addressed to:<br><br>Richard Page Wyrough<br>CAIN & WYROUGH<br>15051 Marlboro Pike<br>Upper Marlboro, MD. 20772 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7005 1160 0004 8562 4687 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

7005 1160 0004 8562 4687

UPPER MARLBORO MD 20772
Postage $1.06
Certified Fee $2.30
Return Receipt Fee (Endorsement Required) $1.75
Restricted Delivery Fee (Endorsement Required) $0.00
Total Postage & Fees $5.11

Sent To *Richard Page Wyrough*
Street, Apt. No.; or PO Box No. *15051 M. Pike*
City, State, ZIP+4 *Upper Mlbo MD 20772*

PS Form 3800, June 2002    See Reverse for Instructions