UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE,

      Plaintiff,

v.                                                                                  Case No. 1:05cv01278RCL

THE DANCING CRAB AT WASHINGTON
HARBOUR, L.P. et al.,

      Defendants.

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO COMPEL DISCOVERY

COMES NOW, Plaintiff, Jonathan W. Rude, by and through his counsel, and submits this Memorandum of Points and Authorities in support of Plaintiff's Motion To Compel Compliance With Discovery issued to defendant The Dancing Crab at Washington Harbour, L.P. (hereinafter referred to as "defendant" or "Dancing Crab").

On June 29, 2006 plaintiff issued to Dancing Crab plaintiff's first interrogatories and request for production of documents (See Exhibit No. 1 hereto, first page). The discovery request was received by defendant's counsel. Defendant has not answered the involved interrogatories nor has defendant produced any of the documents sought by this discovery. Further, defendant's counsel has not served any Objections upon counsel for plaintiff, NOR, filed any motion for protective order regarding this discovery. Defendant and its counsel are uncommunicative regarding this discovery (See Certification of Counsel at page 2 of Plaintiff's Motion and Exhibit No. 2 hereto). (See also; Plaintiff's Motion To Compel Compliance With Rule 26(a)(1), Rule LCvR 7(m) Certificate).

1

Federal Rule 26(b)(1) permits the discovery of any and all relevant information both which is directly admissible and that which may lead to admissible evidence. Federal Rule of Civil Procedure 34(b), F.R.CIV.P. 34(b) requires that a party served with a request for production of documents to make such documents available for inspection and that party "shall serve a written response" within thirty days after service of the document production request.

The date for responses to the production requests was July 31, 2006. Dancing Crab has not answered, objected, or otherwise responded. It is well established that the failure to timely object to a discovery request constitutes a waiver of any objection. See; <u>Richmark Corp. v. Timber Falliing Consultants</u>, (9th Cir. 1992), 959 F.2d. 1468, 1473; <u>Land Ocean Logistics v. Aqua Gulf Corporation</u>, 181 F.R.D. 229, 236 (W.D. NY. 1998).

The document production involves document categories identified during the course of discovery in this proceeding. The document requests seek relevant and material information in support of plaintiff's claims as well as those supporting defendants' contentions in this matter. The failure to comply with this discovery is highly prejudicial to plaintiff and amounts to an affirmative obstruction of discovery in this proceeding.

It is hereby respectfully requested that Dancing Crab be ordered to fully and completely comply with Plaintiff's Second Request For Production of Documents. Further, that the Court set a date certain for compliance and that should defendant fail to comply that discovery sanctions commensurate with defendant's failure to comply with the required discovery be imposed.

_____
RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA. 22046
(AC 703) 536-3063 Tele.
(AC 703) 536-4841 Fax.

Counsel For Plaintiff

Dated: 18 August 2006

3