**EXHIBIT NO. 1 TO**
**PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH**
**SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE,

    Plaintiff,

v.                                    Case No. 05cv1278RCL

DANCING CRAB AT WASHINGTON
HARBOUR, et al.,

    Defendants.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff's Second Request For Production of Documents has been served, by certified mail, postage prepaid, upon Mr. R. Page Wyrough, 15051 Marlboro Pike, Upper Marlboro, MD. 20772. The original document being retained in the file of counsel for plaintiff and subject to inspection upon reasonable request.

Dated this 29th day of June 2006 at Falls Church, VA. 22046.

                                          /s/ Rick A. Rude
                                          RICK A. RUDE, Esq. #244897
                                          Suite 103
                                          207 Park Avenue
                                          Falls Church, VA. 22046
                                          (AC 703) 536-3063 Tele.
                                          (AC 703) 536-4841 Fax.

                                          Counsel For Plaintiff

---

**U.S. Postal Service™ CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

UPPER MARLBORO MD 20772

| | | |
|---|---|---|
| Postage | $0.63 | |
| Certified Fee | $2.40 | 0170 12 Postmark Here |
| Return Receipt Fee (Endorsement Required) | $0.00 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $3.03 | 06/29/2006 |

Sent To: Page Wyrough
Street, Apt. No.; or PO Box No.
City, State, ZIP+4: Upper Marlboro MD 20772

PS Form 3800, June 2002    See Reverse for Instructions

7006 0100 0001 1634 9903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

JONATHAN W. RUDE,

    Plaintiff,

v.                              Case No. 1:05CV01278RCL

THE DANCING CRAB AT
WASHINGTON HARBOR, L.P. Et al.,

    Defendants.

PLAINTIFF'S SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
<u>DANCING CRAB AT WASHINGTON HARBOR, L.P.</u>

To: Richard Page Wyrough
    15051 Marlboro Pike
    Upper Marlboro, MD. 20772
    Counsel For Defendant

Returnable: 31 July 2006

Plaintiff, pursuant to Federal Rules of Civil Procedure 26(b)(1), 26(e), and 34(a) hereby propounds the following requests for production of documents (the "Requests") upon defendant The Dancing Crab at Washington Harbor, L.P. Defendant shall produce the requested documents at the offices of counsel for plaintiff, or such other location as is later identified by plaintiff, no later than the date identified above for review and photocopy. Defendant is further required to supplement such discovery responses as and required by the Federal Rules of Civil Procedure, to be updated through the date of trial of this proceeding.

1

Instructions

1. If you object to any Request or part thereof on the claim of privilege, you must nevertheless provide the following information pursuant to Federal Rule of Civil Procedure 26(b)(5).

   a. the nature of the privilege claimed (including work product);

   b. if the privilege is being asserted in connection with a claim or defense governed by State or Federal law, the privilege rule being invoked;

   c. the date of the document or oral communication;

   d. if a document: its type (correspondence, memorandum, facsimile etc.) custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship of the persons present to the declarant; and

   e. the general subject matter of the document or oral communication.

2. You are under a continuous obligation to supplement your answers to these interrogatories and document requests under the circumstances specified in Rule 26(e).

3. To the extent that you consider any request objectionable, answer so much of each request and each part thereof as is not objectionable in your view and separately identify that part of thereof as to which you raise objection and each ground for each such objection.

4. Where documents in the possession or control of defendant are requested, each request includes documents not only in defendant's possession, but also

documents over which defendant has control, including documents in the possession of defendant's agents, representatives, experts, and, unless privileged, defendant's attorneys.

5. Unless otherwise specified, the interrogatories and requests shall be limited to documents and information prepared, obtained, or existing during the period January 1, 2000 to the present.

6. All documents shall be produced as they are kept in the usual course of business. Individual files shall be produced separately and labeled to identify the person from whose files it is produced.

7. All documents shall be produced with a listing of each document or filed identified by Bates number(s).

8. If you cannot produce a document, after conducting an reasonable investigation of search, please so state and provide a statement regarding what efforts you have made to obtain the requested document(s).

Definitions

As used herein, the following definitions apply:

"Agent" shall mean: any agent, employee, ex-employee, officer, director, partner, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

"Communication" includes, but is not limited to, correspondence, telephone calls, facsimiles, electronic mail ("e-mail"), and meetings; and records of such communications, including but not limited to transcripts, notes, records, memoranda, and recordings of such communications, in whole or in part.

3

"Defendant" shall mean the Dancing Crab at Washington Harbor, L.P., all partners thereof existing at any time during the legal existence of the partnership, Nicks Riverside Grill, Cabanas, its subsidiaries, parents and affiliates, including but not limited to, Profish, Ltd., Oceanpro Industries, Ltd., Oceanside Management Corporation, Anthony B. Cibel, Dean A. Cibel, Nicholas J. Cibel and Gregory Casten.

"Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date based upon the relationship with other events.

The term "document" means any written or any other tangible thing of every kind and description, however produced or reproduced, whether draft or final, in the actual or constructive possession, custody or control of defendant, original or reproduction, including but not limited to: letters, correspondence, notes, films, transcripts, video tapes or electronic discs, telegrams, teletype messages, contracts and agreements including drafts, proposals, any and all modifications thereof, licenses, memoranda, notes, transcripts and recordings of telephone conversations or personal conversations, microfilm, microfiche, books, newspapers, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, memoranda (including inter and intra office memoranda, memoranda for file, pencil jotting, diary entries, desk calendar entries, expense accounts, recorded recollections and any other written form of notation of events thereto, draft minutes, resolutions and agendas) expressions and/or statements of policy, lists of persons attending meetings and conferences, reports, rules, regulations, directions, communications, interoffice communications, reports, financial statements, tax returns, legers, books of account, proposals prospectuses, offers, orders, receipts, analyses, audits, working papers, computations, projections, tabulations, financial records, blueprints,

plans, writings, drawings, graphs, charts, photographs, phono-records and other data computations for which information can be obtained (translated, if necessary into reasonably usable form), invoices, receipts, working papers, desk calendars, appointment books, diaries, time sheets, logs (electronic and paper), movies, tapes for visual audio reproduction, recordings, computer tapes and discs, electronic media, reports and/or summaries of investigations, opinions and/or reports of consultants, appraisals, reports and/or summaries of negotiations, proposals, "e-mail", electronic mail, voice mail or material similar to any of the foregoing, however denominated. The term "document" shall also include all copies of each document if the copies contain any additional writing or are not identical to copies of the originals.

"Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts controverts or contradicts.

The terms "action" or "proceedings" shall mean the proceeding before the United States District Court docketed as Rude v. Dancing Crab et al. case no. 1:05CV01278RCL.

The term "criminal proceedings" means the proceedings before the Superior Court of the District of Columbia and including United States v. Wood, case no. F.04083-04, United States v. Adeboyeku, case numbers F. 04-04460-04 and F 04-04895-04, and State of Maryland v. Adeboyeku case number 06D00148819.

The term "third party" or "third parties" refers to individuals or entities that are not a party to this proceeding.

The term "facilities" shall refer to facilities controlled, managed, or operated by defendant located at 3000-3050 K Street, N.W. in the District of Columbia as well as any other restaurant facilities, warehouses, distribution centers, offices, including those at 1900 Fenwick Street, N.E. in the District of Columbia and all facilities, offices, warehouses, distribution centers or business locations in the State of Maryland.

The words "you", "yours" and/or "yourselves" mean defendant and any directors, officers, partners, employees, agents, representatives or other persons acting, or purporting to act, on defendant's behalf.

The term "describe in detail" means as follows: a) when used to refer to actions, identify each action by date, persons involved, actions taken, and documents involved. For all such persons or documents, identify such persons or documents in accordance with these instructions; b) when used to refer to an allegation or affirmative statement of fact, identify all evidence upon which you intend to rely to support the allegation or affirmative statement of fact and the legal basis for the allegation.

The use of the past tense shall include the present tense, and the use of the present terms shall include the past tense, so as to make any interrogatory or document request inclusive rather than exclusive.

The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" shall mean "including without limitation".

Unless otherwise defined, all words and phrases used in this document shall be accorded their usual meaning as defined in Webster's New Universal Unabridged Dictionary (1989 edition).

### REQUEST FOR PRODUCTION OF DOCUMENTS

In accordance with the instructions and definitions set out above, defendant is hereby requested to identify and produce all of the following documents:

1. Any and all reports of any experts you intend to call as witnesses at the trial of this matter.

2. Any and all documents which you intend to introduce as exhibits at the trial of this matter and which support the contention that plaintiff was a 'trespasser'.

3. Any and all documents which you intend to introduce as exhibits at the trial of this matter and which support the contention that plaintiff had been barred from the premises of defendant.

4. Any and all documents which you intend to introduce as exhibits at the trial of this matter and which support the contention that plaintiff was 'contributorily negligent' as stated in defendant's third affirmative defense.

5. Any and all documents which you intend to introduce as exhibits at the trial of this matter and which support the contention that plaintiff had 'assumed the risk' as stated in defendant's fourth affirmative defense.

6. Any and all documents which contain or reflect oral or written statements of any person you intend to call as a witness at the trial of this matter.

7. Any and all documents which contain or reflect oral or written statements made by any person, including but not limited to plaintiff, concerning, referring or relative to the facts and allegations made in the complaint.

8. Any and all documents which contain or reflect oral or written statements made by any person, including but not limited to defendant as defined in this production request, concerning, referring or relative to the facts and allegations made in defendant's answer to the complaint.

9. All cellular telephone records of any individual identified as an manager of defendant for the months of June 1, 2004 through December 31, 2004 which include any reference to any of the telephone numbers of the employees identified on or listed on "Tony & Joes Weekly Schedule, Door Staff," for the weeks beginning June 14, 2004, June 21, 2004 and July 19, 2004.

Dated: 29 July 2006.

_____
RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA. 22046
(703) 536-3063   Tele.
(703) 5366-4841   Fax.

Counsel For Plaintiff.