**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JONATHAN W. RUDE,

      Plaintiff,

v.                              Case No. 1:05cv1278RCL

THE DANCING CRAB AT WASHINGTON
HARBOUR, L.P., et al.,

      Defendants.

**PLAINTIFF'S REPLY TO THE OPPOSITION OF DEFENDANT**
**TO PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH DISCOVERY**

COMES NOW, Plaintiff, by and through his counsel, and submits this Reply to the

Opposition of Defendant Dancing Crab at Washington Harbour, L.P. to Plaintiff's

Motion to Compel Compliance With Discovery.

**REPLY STATEMENT OF FACTS**

The parties to this proceeding established a procedural schedule that included a

deadline for the addition of named defendants (April 15, 2006), for the completion of

"written discovery" (interrogatories and requests for admissions) for the designation and

expert witnesses and the completion of all discovery (July 31, 2006). Defendant

stonewalled communications with counsel for plaintiff from approximately December 19,

2005 to April 17, 2006. Plaintiff, in response to defendants' failure to cooperate in the

discovery process, was required to file three (3) motions to compel compliance with

discovery. The court granted the motions by orders entered on May 15, 2006 (Docket

Nos. 21, 22 and 23). Defendant has not complied with the Order contained in Docket

entry No. 21. Defendant did not fully comply with the requirements of the Orders

contained in Docket entries Nos. 22 and 23. Defendant's failure to comply with

1

Plaintiff's Second Request For Production of Documents (See Exhibit No. 1 to Docket entry No. 26) is simply "more of the same non-compliance".

Defendant makes the representation to the court that defendant has now complied with the involved document production request (See Opposition at page 1, point "2"). Defendant did not provide a copy of the purported production response to the court. Defendant has not properly informed the court that defendant's response involves a series of generic objections and invokes previous generalized responses to discovery issued to defendant Dean Cibel. Plaintiff has attached hereto and identified as Exhibit No. 2 Defendant's Responses to Plaintiff's Second Request For Production of Documents.[1] Plaintiff has also attached hereto an identified as Exhibit No. 3 is a Excerpt (and deposition exhibit) from the deposition of Mr. Dean A. Cibel on June 2, 2006.

On June 2, 2006 Mr. Dean Cibel was requested to identify the documents "which support the factual contention or allegation that plaintiff was a 'trespasser and had been barred from defendant's premises'. (Exhibit No. 3 hereto, page 115, lines 3-22 and page 116, lines 1-12). The question was in specific reference to Mr. Cibel's Answer to an interrogatory which answer simply stated "See documents provided in response to Defendants response to request for production of documents" (See Exhibit No. 3, page 4, marked as Plaintiff's Exhibit No. 8, Interrogatory No. 1, as marked). Mr. Cibel response to the deposition question was "**I DON'T KNOW WHICH**". (Exhibit No. 3, page 116, lines 9, 12).

---

[1] Plaintiff attached to plaintiff's motion to compel a copy of the document production request. For clarity, plaintiff will continue the identification of exhibits relevant to this motion to compel sequentially. Defendant's response is identified as Exhibit No. 2 and Mr. Cibel's deposition testimony is included in Exhibit No. 3.

## THE PRESENT DOCUMENT PRODUCTION REQUEST

A review of the untimely and purported Defendant's Responses to Plaintiff's Second Request For Production of Documents is liberally sprinkled with the following type statement: "Plaintiff previously requested that any documents supportive of such a contention be identified in conjunction with the answer to interrogatory number 1 of Dean Cibel" as example. (See defendant's responses to document production requests 2 and 3). Defendant's responses to document production requests 4 and 5 likewise invoke the proper response of Dean Cibel (See Exhibit No. 3, second page of Dean Cibel's answers to interrogatories).

Defendant has not identified ANY documents that support defendant's cited affirmative defenses. Defendants' responses were to "see attached documents" which were plainly unresponsive, and not in the manner in which kept in the course of business as required by Federal Rule 34. Defendant has instead produced a compendium of disorganized, incomplete and incoherent documents purportedly responsive to plaintiff's discovery requests. Defendant continues to invoke privilege when the time for objection is long since passed. Defendant states that defendant is in possession of a copy of the transcript of the underlying criminal proceeding. Further that "the document has been made available for inspection". It is noted that defendant has not responded in any manner to the involved second production request. How is it possible for defendant to have made a document available for inspection when it is undisputed that defendant has not communicated with plaintiff's counsel.

It has been established through discovery that defendant's employees, including their managers, regularly used their cellular telephones to communicate with one another. Each of the managers had a special "walkie-talkie" or "person to person" feature which was used during work hours.  It is important to note that defendant failed to identify all managers on duty during the relevant time periods of this complaint. This oversight corresponds to the failure to properly and fully identify the employees that were actually present and on duty on the days in question.  Some of the involved cellular telephone records were obtained by subpoena to the service provider. The records **CONTRADICT** the sworn deposition testimony of several of defendant's managers.

<u>REPLY ARGUMENT</u>

Defendant seeks to avoid the issuance of the sought discovery order based upon the representation that the discovery is "moot".  A simple comparison of the sought discovery (Exhibit No. 1 to the Motion to Compel) and Defendant's response to the discovery (Exhibit No. 2 to this Reply) reveals to the contrary. More importantly, the responses attempt to incorporate earlier responses that were inadequate and not in compliance with this court's earlier Order to comply with prior discovery.

Defendant further contends that a request for production of documents constitutes prohibited "written discovery".  Such an interpretation would be plainly inconsistent with the general understanding of not only written discovery but with the fact that during depositions it is often the situation wherein it has been determined that documents exist which are highly relevant but which were not either disclosed or produced by a defendant. Defendant's interpretation would preclude the request for production of documents disclosed during depositions. Such a situation would clearly frustrate rather

4

than further the discovery process. Defendant had the option under Federal Rule of Civil Procedure 34(b) to make such documents available for inspection. The defendant has not only failed to follow the procedures set forth in Fed.R.,Civ.Proc. 34(b) but has merely served improper and untimely objections to the involved document production request. It is well established that the failure to timely object constitutes a waiver of any objections which existed. (Cf. Plaintiff's Memorandum of Points and Authorities in Support of Motion To Compel, page 2).

CONCLUSION

Wherefore, in consideration of the above and foregoing, it is hereby respectfully requested that Plaintiff's Motion To Compel Compliance With Discovery be GRANTED as filed. Further, that the court include such other and further relief as the court deems just and appropriate in the circumstances.

Dated: 5 September 2006

_____
RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA. 22046
(AC 703) 536-3063 Telephone
(AC 703) 536-4841 Fax.

Counsel For Plaintiff