**EXHIBIT NUMBER 2 TO PLAINTIFF'S REPLY TO DEFENDANT'S**
<u>**OPPOSITION TO MOTION TO COMPEL COMPLIANCE DISCOVERY**</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE                         :

    Plaintiff                              :

vs.                                       :          Case No.: 1:05CV01278

                                          :
THE DANCING CRAB AT WASHINGTON HARBOUR,    :
LP, ET AL.                                :          JUDGE ROYCE C. LAMBERTH

                                          :
    Defendants.                           :

                                          :

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

To:    Jonathan W. Rude

        c/o Rick A. Rude, Esquire

From:  Dancing Crab At Washington Harbor, L.P.

        c/o Richard R. Page Wyrough, Esquire

\* \* \* \*

**REQUEST NO. 1:** Any and all reports of any experts you intend to call as witnesses at the trial of this matter.

    **RESPONSE:** This Defendant does not intend to call any experts except that this Defendant reserves the right to call any or all of Plaintiff's healthcare providers to testify concerning their treatment of the Plaintiff or to call any healthcare provider who treated Olayinka Adeboyeku. The Defendant has previously provided the Plaintiff with copies of all the documents received in response to the subpoenas issued to those providers. Upon information and belief the records of Olayinka Adeboyeku have been provided to the Plaintiff. Nonetheless, copies of those records are attached.

**REQUEST NO. 2:** Any and all documents which you intend to introduce as exhibits at the trial of this matter and which support the contention that plaintiff was a "trespasser".

    **RESPONSE:** The Defendant has not made a determination as to which documents it intends to introduce at the trial of this matter and which support the contention set forth above. Further, Plaintiff previously requested that any documents supportive of such a contention be identified in conjunction with the answer to interrogatory number 1 to Dean Cibel. Without waiving said objection, any and all such documents which support the contentions referenced have been previously produced in this action by the parties and the Defendant reserves the right to introduce any or all such documents at trial.

**REQUEST NO. 3:** Any and all documents which you intend to introduce as exhibits at the trial of this matter and which support the contention that plaintiff had been barred from the premises of defendant.

    **RESPONSE:** The Defendant has not made a determination as to which documents it intends to introduce at the trial of this matter and which support the contention set forth above. Further, Plaintiff previously requested that any documents supportive of such a contention be identified in conjunction with the answer to interrogatory number 1 to Dean Cibel. Without waiving said objection, any and all

Law Offices
*Cain & Wyrough*
15051 Marlboro Pike
Upper Marlboro, MD 20772
(301) 627-4600
fax: 627-2716

such documents which support the contentions referenced have been previously produced in this action by the parties and the Defendant reserves the right to introduce any or all such documents at trial.

**REQUEST NO. 4:** Any and all documents which you intend to introduce as exhibits at the trial of this matter and which support the contention that plaintiff was "contributory negligent" as stated in defendant's third affirmative defense.

   **RESPONSE:** The Defendant has not made a determination as to which documents it intends to introduce at the trial of this matter and which support the contention set forth above. Further, Plaintiff previously requested that any documents supportive of such a contention be identified in conjunction with the answer to interrogatory number 3 to Dean Cibel. Without waiving said objection, any and all such documents which support the contentions referenced have been previously produced by the parties in this action and the Defendant reserves the right to introduce any or all such documents at trial.

**REQUEST NO. 5:** Any and all documents which you intend to introduce as exhibits at the trial of this matter and which support the contention that plaintiff had "assumed the risk" as stated in defendant's fourth affirmative defense.

   **RESPONSE:** The Defendant has not made a determination as to which documents it intends to introduce at the trial of this matter and which support the contention set forth above. Further, Plaintiff previously requested that any documents supportive of such a contention be identified in conjunction with the answer to interrogatory number 2 to Dean Cibel. Without waiving said objection, any and all such documents which support the contentions referenced have been previously produced in this action by the parties and the Defendant reserves the right to introduce any or all such documents at trial.

**REQUEST NO. 6:** Any and all documents which contain or reflect oral or written statements of any person you intend to call as a witness at the trial of this matter.

   **RESPONSE:** Objection. The request seeks the discovery of documents protected by the attorney client privilege and the attorney work product doctrine. Further, the Plaintiff has not made the showing required by Rule 26. Further, the Defendant has not made a determination as to which witnesses will be called to testify at trial. All statements of the Plaintiff have been made available to the Plaintiff. Without waiving said objection and as previously disclosed to the Plaintiff, Defendant is in the possession of a transcript of the underlying criminal proceeding. The document has been made and is available for inspection.

**REQUEST NO. 7:** Any and all documents which contain or reflect oral or written statements made by any person, including but not limited to plaintiff, concerning, referring or relative to the facts and allegations made in the complaint.

   **Response:** Objection. The request seeks the discovery of documents protected by the attorney client privilege and the attorney work product doctrine. Further, the Plaintiff has not made the showing required by Rule 26. All statements of the Plaintiff have been made available to the Plaintiff.

**REQUEST NO. 8:** Any and all documents which contain or reflect oral or written statements of any person, including but not limited to defendant as defined in this production request, concerning, referring or relative to the facts and allegations made in defendant's answer to the complaint.

   **RESPONSE:** Objection. The request seeks the discovery of documents protected by the attorney client privilege and the attorney work product doctrine. Further, the Plaintiff has not made the showing required by Rule 26. Without waiving said objection and as previously disclosed to the Plaintiff, Defendant is in the possession of a transcript of the underlying criminal proceeding. The document has been made available for inspection.

**REQUEST NO. 9:** All cellular telephone records of any individual identified as a manager of defendant

Law Offices
*Cain & Wyrough*
15051 Marlboro Pike
Upper Marlboro, MD 20772
(301) 627-4600
fax: 627-2716

2

for the months of June 1, 2004 through December 31, 2004 which include any reference to any of the telephone numbers of the employees identified on or listed on "Tony & Joe's Weekly Schedule, Door Staff", for the weeks beginning June 14, 2004, June 21, 2004 and July 19, 2004.

**RESPONSE:** Objection. The request is irrelevant, immaterial, not reasonably calculated to lead to the discovery of admissible evidence and is overbroad and burdensome. Further, the exact scope of the request is unclear. On the one hand records from June through December and on the other hand, the scope of the request is limited to three weeks in June. Limiting the response to the time period in June, to the extent that the records are in the possession of the Defendant, the records will be produced.

Respectfully submitted,
CAIN & WYROUGH, P.C.

_____/s/_____
RICHARD R. PAGE WYROUGH
15051 Marlboro Pike
Upper Marlboro, MD 20772
(301) 627-4600

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of August, 2006, a copy of the foregoing was mailed first class, postage prepaid, and emailed to:

Rick A. Rude, Esq.
Suite 103
207 Park Avenue
Falls Church, Virginia 22046

_____/s/_____
RICHARD R. PAGE WYROUGH

M:\Docs\RPW\Rude - Dancing Crab\resp. requ for prod of docs.083106.wpd

Law Offices
**Cain & Wyrough**
15051 Marlboro Pike
Upper Marlboro, MD 20772
(301) 627-4600
fax: 627-2716