**EXHIBIT NUMBER 3 TO PLAINTIFF'S REPLY TO DEFENDANT'S
<u>OPPOSITION TO MOTION TO COMPEL COMPLIANCE DISCOVERY</u>**

DEPOSITION OF DEAN A. CIBEL
CONDUCTED ON FRIDAY, JUNE 2, 2006

114

1  welcome to come back.
2              (Exhibit No. 8 was marked for
3  identification and attached to the transcript.)
4  BY MR. RUDE:
5      Q    Now, do you have -- I'm going to go to your
6  answers to your interrogatories here.  We'll see if we
7  can move this on.  This is marked as Exhibit Number 8.
8  I'm going to ask you simply for a little bit of
9  clarification here.  And --
10             MR. WYROUGH:  Just note for the record that
11  Mr. Cibel is not the one who prepared these responses,
12  but go ahead.
13             MR. RUDE:  Okay.
14  BY MR. RUDE:
15     Q    I have brought with me today the documents
16  that were provided on April 17th.  And the date on
17  these interrogatories is contemporaneous, being your
18  fax letter is April 19th.  I'm going to ask you if
19  you've seen these answers to these interrogatories
20  previously, Mr. Cibel?
21     A    I don't know if I've seen them all typed
22  out and gone through them.

DEPOSITION OF DEAN A. CIBEL
CONDUCTED ON FRIDAY, JUNE 2, 2006

115

1  Q    But you're familiar with the contents?

2  A    I believe so.

3  Q    Okay. I'm going to ask you to take a look
4  at Interrogatory Number 1. I want to take a look at
5  your answer. Do you see that, sir?

6  A    Yes.

7  Q    The last sentence says, "See documents
8  provided in response to Defendant's Response to
9  Request for Production of Documents."

10       The interrogatory asks you to identify the
11 documents. These are the documents produced. And I'm
12 going to ask you to look at these documents and tell
13 me which of these documents is associated with that
14 interrogatory.

15       MR. WYROUGH: First of all, if he -- if he
16 knows. Your question of whether or not that person's
17 status is as a trespasser or not is a legal question,
18 as I indicated to you. And as the responses indicate,
19 they were prepared in conjunction with the assistance
20 of counsel. You want to have him go through that
21 stuff and speculate on what is or what is not relevant
22 to that issue, you go right ahead and do it. But I

116

1  think it's generally a waste of time, as you well
2  ought to know.
3         MR. RUDE:  Well, I'm simply asking him
4  which of these documents are responsive.
5         MR. WYROUGH:  I understand what you're
6  asking him, you know.
7         If he knows, you go ahead.  And if you
8  don't know, Mr. Cibel, you tell him you don't know.
9      A    I don't even know which.
10 BY MR. RUDE:
11     Q    You don't know.
12     A    No, I don't.
13     Q    Okay.  Let's go to --
14        MR. WYROUGH:  And I would also -- I might
15 add that the reference to the Response to the Request
16 for Production of Documents goes well beyond what's
17 contained in Plaintiff's Exhibit 2.  There was a
18 written response which indicates which documents will
19 be provided, which will also encompass many of the
20 documents which have been produced since the date of
21 that other document.  So your limitation that that
22 is -- that those documents are simply the Response to

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Jonathan W. Rude :
:
    Plaintiff :
vs. : Case No.: 1:05CV01278
:
The Dancing Crab at Washington Harbour, :
LP, et al. :
: Judge Royce C. Lamberth
:
    Defendants. :
:

## ANSWERS TO INTERROGATORIES

a.    The information contained in these Answers is being provided in accordance with the provisions and intent of the Federal Rules of Civil Procedure, which require the disclosure of facts which may be relevant or which may lead to discovery of relevant information. Accordingly, the party answering these Interrogatories, by providing the information requested, does not waive objections to its admission in evidence on grounds of materiality or relevancy or other proper grounds for objection.

b.    The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives and attorneys, unless privileged.

c.    The word usage and sentence structure may be that of the attorney assisting in the preparation of these Answers and, thus, does not necessarily purport to be the precise language of the executing party.

\* \* \* \*

INTERROGATORY No.1:    State the principal facts and identity the documents which support the factual contention or allegation that plaintiff was a "trespasser and had been barred from defendant's premises."

ANSWER:    Approximately one (1) week prior to the alleged incident, Plaintiff and two (2) of his friends, one of whom was John Cummings, were asked to leave by John Eagleton and told not to come back. On the night of the incident in question and despite the direction not to return Plaintiff returned to the premises. See documents provided in response to Defendants response to request for production of documents.


PLAINTIFF'S EXHIBIT

INTERROGATORY NO.2: State the principal facts and identity the documents which support the factual contention or allegation that plaintiff had "assumed the risk" as stated in defendant's fourth affirmative defense.

ANSWER: Discovery in the matter has not been concluded. However, upon information and belief the Plaintiff willingly engaged in a fight with Olayinka Adeboyeku. Further, upon information and belief the Plaintiff was involved in and had knowledge of prior incidents involving Plaintiff, John Cummings, others and Olayinka Adeboyeku. The Plaintiff goaded and repeatedly taunted and/or participated in the goading and taunting of Olayinka Adeboyeku, which apparently ultimately lead to the incident, which is the subject of Plaintiff's complaint. Further, Plaintiff returned to Defendant=s premises after having been banned.

INTERROGATORY NO.3: State the principal facts and identity the documents which support the factual contention or allegation that plaintiff was "contributorily negligent" as stated in defendant's third affirmative defense.

ANSWER: Discovery in the matter has not been concluded. However, upon information and belief the Plaintiff willingly engaged in a fight with Olayinka Adeboyeku . Further, upon information and belief the Plaintiff was involved in and had knowledge of prior incidents involving Plaintiff, John Cummings and Olayinka Adeboyeku. The Plaintiff goaded and repeatedly taunted and/or participated in the taunting of Olayinka Adeboyeku, which apparently ultimately lead to the incident, which is the subject of Plaintiff's complaint. Further, Plaintiff returned to Defendant=s premises after having been banned.

INTERROGATORY NO.4: State the principal facts and identity the documents, which support defendant's response to paragraph 28 of the complaint.

ANSWER: Objection. The interrogatory requires the Defendant to prove a negative. Further, Plaintiff has the burden of proving the allegation. The Defendant does not have the burden of disproving the allegation. Without waiving said objection, Olayinka Adeboyeku was not terminated, because of an alleged assault upon Badr. Plaintiff's "version" of an alleged "incident" involving Badr is self-serving. The Defendant had no knowledge of the alleged violent character, nature and disposition of Olayinka Adeboyeku as a result of the alleged "Badr" incident.

INTERROGATORY NO.5: State the principal facts and identity the documents, which support defendant's response to paragraph 29 of the complaint.

ANSWER: Objection, The interrogatory requires the Defendant to prove a negative. Further, Plaintiff has the burden of proving the allegation. The Defendant does not have the burden of disproving the allegation. Without waiving said objection, upon information and belief, no such event occurred.

I HEREBY SWEAR AND AFFIRM under the penalties of perjury that the facts and matters contained in the aforegoing Answers to Interrogatories are true, accurate, and correct to the best of my knowledge, information, and belief.

*[signature]*
Dean A. Cibel

---

Richard R. Page Wyrough, #02821
15051 Marlboro Pike
Upper Marlboro, Maryland 20772
(301) 627-4600

### CERTIFICATE OF SERVICE

I Hereby Certify that on this _____ day of April, 2006, a copy of the aforegoing was mailed first class, postage prepaid, to:

Rick A. Rude, Esq.
Suite 103
207 Park Avenue
Falls Church, Virginia 22046

---
Richard R. Page Wyrough