```
 1        On Tuesday, June 27, 2006, commencing at the
 2   hour of 1:30 p.m., at 5963 La Place Court, Suite 306, in
 3   the City of Carlsbad, County of San Diego, State of
 4   California, before me, Paula A. Rahn, Certified Shorthand
 5   Reporter, in and for the State of California, personally
 6   appeared:
 7        JAMES SYLVESTER,
 8   called as a witness by the plaintiff, who, being by me
 9   first duly sworn, was thereupon examined and testified in
10   said cause.
11
12
13                    A P P E A R A N C E S
14
15   FOR PLAINTIFF:
16        RICK A. RUDE
          ATTORNEY AT LAW
17        207 Park Avenue, Suite 103
          Falls Church, Virginia 22046
18        (703) 536-3063
19
     FOR DEFENDANTS:
20
21        ** (Appearing Telephonically) **
22        R. PAGE WYROUGH
          ATTORNEY AT LAW
23        15051 Marlboro Pike
          Upper Marlboro, Maryland 20772
24        (307) 627-4600
25
```

05cv1278(RCL)
ATTACHMENT NO. 2

SHELBOURNE SHERR COURT REPORTERS (619) 234-9100

2

1   what had happened. Rob Puzio talked to me about it. Greg
2   Casten talked to me about -- about me being threatened and
3   saying that he didn't know anything about the other
4   incident but, you know, because of the threat and
5   everything, he wanted me to feel safe working there.
6       One of the day managers, Freddy, would ask me
7   regularly how Jon was. And the other door staff through,
8   you know, gossip and scuttle butt, you know, would ask
9   what had happened and rumors and whatnot.
10      Q   All right. I'm going to mark as Exhibit No. 2,
11  it's a document entitled Complaint/Witness Statement,
12  Complaint No. 088-184 dated July 2, '04 constituting three
13  pages, and I'm going to hand you this document,
14  Mr. Sylvester, and I'm going to ask you if you recognize
15  this statement?
16      A   Yes.
17          (Plaintiff's Exhibit No. 2 was marked.)
18  BY MR. RUDE:
19      Q   Is that your signature on box 15?
20      A   Yes.
21      Q   Are the contents of this statement true and
22  correct?
23      A   Yes.
24      Q   All right. I'm going to direct your attention to
25  page 1, which -- and for purposes of Mr. Wyrough, I'm

```
 1    A    Yes.
 2    Q    I'm going to direct your attention to the
 3  photograph that says "Employee Drinking Policy."
 4         Do you see that?
 5    A    Yes.
 6    Q    Was it the practice of Tony & Joe's to permit the
 7  employees to drink for one hour after closing?
 8    A    Yes. As long as they were bartenders there, the
 9  manager was there, we could drink.
10    Q    On the night of June 26th, were there alcoholic
11  beverages being served to the door staff?
12    A    Yes.
13    Q    Who was serving them?
14    A    Chuck Moran was giving us beers.
15    Q    Okay. Was Chuck Moran having a beer?
16    A    Yes.
17    Q    Was Robert Puzio having a beer?
18    A    He primarily drank vodka and cranberry juice.
19    Q    Was he having a vodka and cranberry juice that
20  evening?
21    A    Yes.
22    Q    I'm going to direct your next attention down to
23  the paragraph that says "Violations That Will Result in
24  Termination."
25         Do you see that?
```

**METROPOLITAN POLICE DEPARTMENT**
**WASHINGTON, D.C.**

**COMPLAINANT / WITNESS STATEMENT**

| | |
|---|---|
| **1. COMPLAINT NO.** | 088-184 |
| **2. NATURE OF INVESTIGATION** | Aggravated Assault |
| **3. UNIT FILE NO.** | |
| **4. STATEMENT OF:** (Last, First, Middle) | Sylvester, James Stephen |
| **5. DOB** | [redacted] |
| **6. SEX** | M |
| **7. HOME ADDRESS** | [redacted] |
| **8. HOME PHONE** | [redacted] |
| **9. EMPLOYMENT** (Occupation and Location) | Tony and Joe's Seafood Place 3100 K St. NW |
| **10. BUSINESS PHONE** | — |
| **11. LOCATION STATEMENT TAKEN** | 2D |
| **12. NAME OF OFFICER TAKING STATEMENT** | Morais, Nelson #02-293 |
| **13. DATE/TIME STARTED** | 7-2-04 1540 |

**14. STATEMENT**

I was working as a doorman at Tony and Joe's the night of June 26, 2004. Jon Rude came to the bar with his friend Sam, and Sam's cousin. I do not know Sam's last name or his cousin's name. Around 2:00 am the morning of June 27, Jon, Sam, and Sam's cousin entered Tony and Joe's inside bar and offered to give Mike Gillman and me a ride home. I declined the offer, and Mike accepted. Soon after Jon, Sam, and Sam's cousin entered the Bar a manager, either Dean or Rob Puzio told me to ask Jon to leave because Yanka was angry with Jon. I asked Jon to leave, when then he and Officer Rob Owen got into a discussion where Jon said he "did not have a problem with Yanka and would talk to him if he wanted to." Officer Owen told Jon it was better not to even see Yanka. During the rest of the conversation I was in the back room doing more work. When I returned

**15.** I HAVE READ THIS STATEMENT GIVEN BY ME OR HAVE HAD IT READ TO ME. I FULLY UNDERSTAND IT AND CERTIFY THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RECOLLECTION. I UNDERSTAND THAT MAKING OF A FALSE STATEMENT IS PUNISHABLE BY CRIMINAL PENALTIES. D.C. CODE SECTION 22-2514.

Signature of Person Giving Statement

**16. DATE / TIME ENDED:** 7-2-04 1620
**17. PAGE** 1 **OF** 3 **PAGES**

**18. OFFICER OBTAINING THE SIGNATURE IN BLOCK 15:**
(Name and Signature)

**19. PERSON WITNESSING THE SIGNATURE IN BLOCK 15:**
(Name and Signature)

PLAINTIFF'S EXHIBIT

# METROPOLITAN POLICE DEPARTMENT
## COMPLAINANT / WITNESS STATEMENT

**1. COMPLAINT NO.** 088-184

**2. NATURE OF INVESTIGATION:** Aggravated Assault

**4. STATEMENT OF:** (Last, First, Middle) Sylvester, James Stephen

**5. DOB:** [redacted]  **6. SEX:** M

**7. HOME ADDRESS:** [redacted]

**8. HOME PHONE:** [redacted]

**9. EMPLOYMENT:** Tony and Joe's 3100 K St NW

**10. BUSINESS PHONE:** —

**11. LOCATION STATEMENT TAKEN:** 2D

**12. NAME OF OFFICER TAKING STATEMENT:** Morais, Nelson #D-293

**13. DATE/TIME STARTED:** 7-2-04 1540

**14. STATEMENT**

to the main bar area everyone was gone. A few seconds later Yanka and Tony Wood came running through the restaurant to the front door where Yanka turned to me and said "I fucking hate those Georgetown kids. After I knock him out I am going to come back and knock you the fuck out." I assumed Jon had already driven home so I did not think anything of it, and went back to filling beer coolers. Around 2:45 am Tony Wood returned to the bar and told me what happened. "Your man Mike was wrong, he shouldn't have choked Yanka." Tony Wood told me more but I honestly cannot remember what he said. Shortly after that around 3:00 am I think the two Metropolitan Police Officers arrived at Tony and Joe's. I left the bar around 3:15-3:30

**16. DATE / TIME ENDED:** 7-2-04 1620

**17. PAGE** 2 **OF** 3 **PAGES**

# METROPOLITAN POLICE DEPARTMENT
## WASHINGTON, D.C.
### COMPLAINANT / WITNESS STATEMENT

PD Form 119 Rev. 7/24

| | |
|---|---|
| **1. COMPLAINT NO.** | 088-184 |
| **3. UNIT FILE NO.** | |

**2. NATURE OF INVESTIGATION**
Aggravated Assault

**4. STATEMENT OF: (Last, First, Middle)**
Sylvester, James Stephen

**5. DOB:** [redacted]  **6. SEX:** M

**7. HOME ADDRESS:** [redacted]

**8. HOME PHONE:** [redacted]

**9. EMPLOYMENT (Occupation and Location)**
Tony and Joe's  3100 K St NW

**10. BUSINESS PHONE:** —

**11. LOCATION STATEMENT TAKEN**
2D

**12. NAME OF OFFICER TAKING STATEMENT** (If other than block 18 include signature)
Morais, Nelson #02-293

**13. DATE/TIME STARTED**
7-2-04  1540

**14. STATEMENT**

On July 2, 2004 I was shown a single photo by Detective Morais and identified the person as Yinka

Q: How long have you known Yinka?
A: about Two months

Q: did you do or say anything that would provoke Yinka to threaten?
A: No

Q: did John do anything that night that would provoke Yinka to fight with him?
A: nothing that I saw

Q: Is there anything else you would like to add?
A: No

**15.** I HAVE READ THIS STATEMENT GIVEN BY ME OR HAVE HAD IT READ TO ME. I FULLY UNDERSTAND IT AND CERTIFY THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RECOLLECTION. (*) I UNDERSTAND THAT MAKING OF A FALSE STATEMENT IS PUNISHABLE BY CRIMINAL PENALTIES. D.C. CODE SECTION 22-251A).

*Signature of Person Giving Statement*

**16. DATE/TIME ENDED**
7-2-04  1620

**17. PAGE** 3 **OF** 3 **PAGES**

**18. OFFICER OBTAINING THE SIGNATURE IN BLOCK 15:**
(Name and Signature)

**19. PERSON WITNESSING THE SIGNATURE IN BLOCK 15:**
(Name and Signature)

Automated by Iprov, 7D, 4/97