UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE,

    Plaintiff,

v.                                         Civil Action No. 05-1278(RCL)

THE DANCING CRAB AT
WASHINGTON HARBOUR, et al.,

    Defendants.

## MOTION FOR SANCTIONS

COMES NOW, Plaintiff, by and through his counsel, pursuant to Fed.R.Civ.Proc. 37(b) and the Orders of the Court entered May 15, 2006 (Doc. # 21, 22, 23) and requests that the Court impose appropriate sanctions upon defendants for failure to comply with the Court's prior discovery orders.

Procedural Background

The Court entered a Scheduling Order on February 1, 2006 which included the provision that plaintiff include any additional identified un-named parties by April 15, 2006. Defendants, while they participated in the preparation of the Scheduling Order, refused to comply with plaintiff's interrogatories and document production discovery until after April 15, 2006.

Plaintiff diligently prosecuted his claims in this proceeding including the taking of depositions in June and July 2006. Defendant obtained an extension of the discovery period to August 31, 2006 to take four depositions. Defendant however, then did not schedule any depositions. Plaintiff presently has pending with the Court a fourth motion

1

to compel compliance with discovery[1]. Plaintiff worked with counsel for defendants to obtain compliance with May 15th Order and the involved discovery. The parties established the arrangement that each party would endeavor to provide sought discovery but only up to the point that neither party was prejudiced by any delay or non-compliance. Plaintiff has been substantially prejudiced by defendants' failure to comply with ordered discovery. The court, in Orders (Doc. 22 and 23) issued May 15, 2006, provided that plaintiff be permitted to seek sanctions if the defendants failed to comply with the terms of the involved Orders.

The Court, in a third Order (Doc. 21), directed defendants to comply with Rule 26(a)(1) as to a list of 17 individuals and to further "…certify to the Court within 10 days of this date that they have searched all of their employment records, personnel records, applicant files, w-2 forms and any other files likely to contain such information" on the listed individuals. Defendant Dancing Crab at Washington Harbour, L.P. has totally failed to comply with the terms of that Order. The individuals listed were witnesses to the incident that forms the basis of Plaintiff's action.

## Summary of the Facts of the Case

The proceeding is a personal injury action filed with this court pursuant to the court's diversity jurisdiction. Plaintiff was a student at Georgetown University. He entered the public premises of defendant Dancing Crab at Washington Harbour, t/a Tony & Joes Seafood Place on June 27, 2004. Plaintiff visited the restaurant in order to pick up a friend that was an employee. Plaintiff was accosted and threatened by three employees

---

[1] On August 18, 2006 Plaintiff filed a motion to compel compliance with Plaintiff's Second Request For Production of Documents. Simply, defendants have attempted to minimize participation in the discovery process by consistently failing to timely respond to discovery; forcing a motion to compel; and then providing non-responsive discovery or no responses at all.

of defendant. The employees were working for defendant at the time of this incident. These employees waited for plaintiff to come out the main entrance/exit from defendant's premises. Plaintiff then left by a side door. Two of the three employees followed plaintiff and attacked plaintiff causing serious bodily injuries. These employees then returned to the premises of the restaurant. One of the employees was arrested at defendant's business location. The second employee fled and was arrested on a fugitive warrant in Maryland.

Dean A. Cibel was one of the managers on duty on June 27, 2004. The depositions disclosed that all of the managers had knowledge that plaintiff could be at risk of attack. Plaintiff, one week earlier, had previously intervened to prevent an altercation involving one of the employees and another customer. Plaintiff had also witnessed an assault and battery by the same employee and had reported the incident to defendant's head of security. Defendant Dancing Crab, even with this prior knowledge failed to act regarding this employee; failed to warn plaintiff; failed to call the police department; failed to control their employees in order to prevent the involved attack; and then retained two the of the involved employees after the June 27, 2004 attack.. The Dancing Crab through this retention ratified the involved conduct by those employees. One of the employees held himself out as a "supervisor" and therefore management of the restaurant.

It was disclosed that the restaurant had functioning security cameras (with recordation functions) that would have captured a large portion of the incident. The camera records were not produced. Defendants were aware of the circumstances of the attack within 45 minutes of the incident but destroyed or discarded the camera tapes. Defendant Cibel admitted that the cameras were there; that the cameras were functioning; that the

3

monitors were open to view in his office; and yet he did nothing to prevent nor intervene in the unfolding event. The monitors and recording devices for these cameras were located in that office. Lastly, the depositions disclosed a practice of employees and managers drinking alcoholic beverages instead of paying the proper attention to what was going on in defendant's restaurant.

In addition to the above, defendants failed to produce financial records, business and corporate records, reports and filings with the District of Columbia Alcoholic Beverage Control Administration as well as the filings with the District of Columbia Department of Consumer and Regulatory Affairs. These records go directly to full identification of the defendant restaurant, the identification of the partners involved, the managers to be held culpable and the amount of punitive damages to be awarded.[2]

Sanctions Sought For Failure To Comply With The Court's Orders

The sanctions sought, and the reasoning for the type of sanction requested is set forth in greater detail in Plaintiff's Memorandum of Points And Authorities. However, to summarize, Plaintiff requests that the general partners of Defendant Dancing Crab at Washington Harbour, L.P. be held directly liable for any judgment obtained. Secondly, that the amount of punitive damages be set as the maximum amount permitted under precedent of the United States Supreme Court. Thirdly, that the court enter a default

---

[2] The defendant is listed as a limited partnership. Documents obtained by subpoena identified three individuals as being "general partners". Plaintiff by this motion is seeking to have these individuals held directly liable for any judgment obtained against the involved restaurant limited partnership.
 It was adduced that not only did these employees follow and attack plaintiff, but that after plaintiff was "down" on his back unconscious on the sidewalk, he was kicked in the head several times. This type of outrageous conduct provides ample grounds for an award of punitive damages. Secondly, that there is evidence that the management may have decided to refrain from calling the police based upon concern that the incident could place their liquor license in jeopardy. The management operates a series of restaurants which provide retail outlets for a large wholesale food enterprise also operated by the management. A call to the police includes the police department filing a report with the ABC Control Board. Excessive incidents of violence, or even a single serious event, could result in the suspension or revocation of a liquor license. Defendants admitted that without the liquor licenses, they would be "out of business".

against both defendants for the breach of their duty to preserve evidence and failure to comply with the Court's Order on Rule 26(a)(1) (Doc. 21).

## Conclusion

Wherefore, in consideration of the above and foregoing, and in consideration the Plaintiff's Memorandum of Points and Authorities as incorporated herein, Plaintiff hereby prays that the Court enter the attached Proposed Order and that the Court includes such other, further, and alternative relief as the Court deems just and appropriate in the circumstances.

Respectfully submitted,

_____/S/_____

RICK A. RUDE, Esq. #244897
Suite 103
207 Park Avenue
Falls Church, VA.  22046
(AC 703) 536-3063  Tele.
(AC 703) 536-4841  Fax.

Counsel For Plaintiff