**NOTICE: THIS ATTACHMENT HAS BEEN DIVIDED INTO SUBPARTS TO COMPLY WITH FILE SIZE LIMITATIONS OF THE ECF SYSTEM**

CASE NO. 05CV1278(RCL)
PLAINTIFF'S MOTION FOR SANCTIONS
ATTACHMENT NO. 1 – PART A

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE                              :
                                              :
    Plaintiff                                 :
                                              :
vs.                                           :    Case No.: 1:05CV01278
                                              :
THE DANCING CRAB AT WASHINGTON HARBOUR,       :
LP, ET AL.                                    :    JUDGE ROYCE C. LAMBERTH
                                              :
    Defendants.                               :
                                              :

### RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

1. All articles of organization and/ or incorporation pertaining to defendant.

Response 1:  Objection. The articles of organization and/or incorporation are irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

2. All documents pertaining to the identity of all partners, officers, directors and stockholders of defendant.

Response 2:  Objection. The request is overbroad, burdensome and seeks the discovery of documents that are irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

3. All documents pertaining to the identity and whereabouts of the employees and former of employees of defendant.

Response 3:  Objection. As the request is not limited in time and as the Defendant has been operational for many years, the request is overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent that the request seeks the discovery of the identity and whereabouts of employees who were not

employed at the time of the incident. For the same reason, the request seeking the identity of and documents pertaining to employees of the Defendant who do not know any of the parties, any of the employees of the Defendant or any of the witnesses to the incident or any person with knowledge of facts material to Plaintiff's action is overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Further, the request is so broad that it seeks the discovery of employment records and information in those records which are confidential and whose production is prohibited. Finally, the identity of employees who upon information and belief have information material to Plaintiff's claim and the last known address of those employees has been provided to Plaintiff.

4. All documents identified in response to interrogatory number 9 above.

Response 4: The documents attached hereto.

5. All financial records, financial statements, and tax returns and supporting documents concerning defendant, its subsidiaries, parent entities, participating partners or controlling partners, affiliates, successor or successors in interest.

Response 5: Objection. The request seeks the discovery of documents which are not reasonably calculated to lead to the discovery of admissible evidence as the documents are only relevant if Plaintiff obtains a judgment against the Defendant.

6. All documents pertaining to the lease or occupancy of space by defendant at the Washington Harbor Complex located at 3000-3050 K Street, N.W., Washington, D. C.

Response 6: See attached.

7. All documents pertaining to employment standards, manuals, personnel policies, job descriptions, hiring, supervision and retention, termination and or discipline of employees.

Response 7: Objection. The request is overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence as it not limited in time. The job description, hiring, supervision, and retention, termination, and/or discipline of all employees, including employees such as dishwashers, cooks, etc. is not calculated to lead to the discovery of admissible evidence. Without waiving said objection and limiting the response to non-confidential information, see attached.

8. All documents pertaining to the employment of all persons identified in response to interrogatory number 8.

Response 8: Objection. The request is overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks the discovery of information which is confidential and whose production is prohibited.

9. All documents pertaining to defendant's applications for a license to sell alcoholic beverages as submitted to the District of Columbia Alcoholic Beverage Control Board.

Response 9: Objection. The request is overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, a copy of Defendant's liquor license as well as a written agreement between the Defendant and the District of Columbia Alcoholic Beverage Control Board will be produced.

10. All documents pertaining to applications for any "manager's license" for any employee of defendant as submitted to the District of Columbia Alcoholic Beverage Control Board.

Response 10: Objection. The request is overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection