**NOTICE: THIS ATTACHMENT HAS BEEN DIVIDED INTO SUBPARTS TO COMPLY WITH FILE SIZE LIMITATIONS OF THE ECF SYSTEM**

CASE NO. 05CV1278(RCL)
PLAINTIFF'S MOTION FOR SANCTIONS
**ATTACHMENT NO. 1 – PART B**

and limiting the response to any manager who was employed at the time of incident described in Plaintiff's complaint and to non-confidential information, To the extent any other such documents exist, they will be produced at mutually convenient time and place

15. All documents which reflect or pertain to the incidents which occurred on or about July 8, 2001.

<u>Response 15:</u>  Objection. The request seeks the discovery of documents protected by the attorney client privilege and the attorney work product doctrine. Without waiving said objection and limiting the response to non-privileged documents, see attached.

36. All documents which reveal, reflect or pertain to the incident of June 26-27, 2004 and which may be contained or captured by the security cameras and systems which are located at 3000-3050 K Street, N.W., Washington, D.C.

<u>Response 36:</u>  None.

40. All records of payments made in cash to any employee of defendant during the period January 1, 2003 to January 1, 2006.

<u>Response 40:</u>  Objection, the request is overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

41. All "w-2" forms issued to any employee that was employed by defendant as either a bartender or doorman/bouncer for the period January 1, 2003 through December 31, 2005.

Response 41: Objection. The request is overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks the discovery of information which is confidential and whose production is prohibited

42. All records of payments made to Olayinka Adeboyeku during the period January 1, 2001 through December 31, 2001.

Response 42: Objection. The request is overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks the discovery of information which is confidential and whose production is prohibited

43. All records of payments made to Olayinka Adeboyeku during the period January 1, 2002 through December 3 1, 2002.

Response 43: Objection. The request is overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks the discovery of information which is confidential and whose production is prohibited

44. All records of payments made to Anthony B. Wood during the period January 1, 2001 through December 3 1, 2005.

Response 44: Objection. The request is overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks the discovery of information which is confidential and whose production is prohibited

45. All records of payments made to Oluwastosin Adeboyeku during the period January 1, 2001 through December 31, 2005.

Response 45: Objection. The request is overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further, the request seeks the discovery of information which is confidential and whose production is prohibited

50. All documents which were submitted to the District of Columbia Department of Consumer and Regulatory Affairs by defendant.

Response 50: Objection. The request is overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence

                Respectfully submitted,

                CAIN & WYROUGH, P.C.

                /s/

                RICHARD R. PAGE WYROUGH, #02821
                15051 Marlboro Pike
                Upper Marlboro, Maryland 20772
                (301) 627-4600