CASE NO. 05CV1278(RCL)
PLAINTIFF'S MOTION FOR SANCTIONS
**ATTACHMENT NO. 3**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE             :
                             :
     Plaintiff               :
vs.                          :    Case No.: 1:05CV01278
                             :
THE DANCING CRAB AT WASHINGTON HARBOUR,  :
LP, ET AL.                   :    JUDGE ROYCE C. LAMBERTH
                             :
     Defendants.             :
                             :

## RESPONSE TO REQUEST FOR ADMISSIONS

The Defendant, DEAN A. CIBEL, by and through his counsel, Richard R. Page Wyrough, and Cain & Wyrough, PC in answer to Plaintiff's request for admissions states as follows:

1) Cibel was employed by the Dancing Crab at Washington Harbor, L.P. as a manager during the period June 1, 2004 through July 30, 2004.

Admitted.

2) Cibel was working as a manager at the facilities of the Dancing Crab at Washington Harbor, L.P. located at 3000 K Street, N.W., Washington, D.C. on June 26-27, 2004.

Admitted.

3) Cibel was working as a manager at the facilities of the Dancing Crab at Washington Harbor, L.P. located at 3000 K Street, N.W., Washington, D.C. on June 19-20, 2004.

Admitted.

4) Cibel was present at the facilities of the Dancing Crab at Washington Harbor, L.P. located at 3000 K Street, N.W., Washington, D.C. at approximately 11:00 a.m. to approximately 3:00 p.m. on June 20, 2004.

Admitted.

5) Cibel's duties and responsibilities as a manager included the supervision of the activities of the employees of the Dancing Crab at Washington Harbor, L.P. during the times that Cibel was working as a manager.

Admitted in part and denied in part. Cibel did not have the general responsibility to supervise

Law Offices
*Cain & Wyrough*
15051 Marlboro Pike
Upper Marlboro, MD 20772
(301) 627-4600
fax: 627-2716

all the activities of all the employees of the Dancing Crab at Washington Harbor. L.P. during the times that Cibel was working as a manager. Cibel admits that included in his general job responsibilities as a manager was the responsibility to supervise the work of employees in his section of the Dancing Crab at Washington Harbor.

6) The Dancing Crab at Washington Harbor, L.P. maintains surveillance cameras at its facilities located at 3000 K Street, N.W., Washington, D.C were operational during the months of June and July 2004.

Admitted.

7) That surveillance cameras located at the facilities of the Dancing Crab at Washington Harbor, L.P. at 3000 K Street, N.W., Washington, D.C were operational during the months of June and July 2004.

Admitted.

8) The facilities of the Dancing Crab at Washington Harbor, L.P. include office facilities which office contains monitors on which the images from the surveillance cameras are displayed.

Admitted.

9) That there are surveillance cameras that provide a view of the interior bar and lounge area of the facilities of the Dancing Crab at Washington Harbor, L.P. located at 3000 K. Street, N.W., Washington, D.C.

Admitted.

10) That Cibel was issued a manager's license by the District of Columbia Alcoholic Beverage Control Board that was in effect during the period June 1, 2004 through July 31, 2004.

Admitted.

11) That on the evening (defined as between the hours of 6 p.m. and 3 a.m.) Of June 19-20, 2004 Cibel was the manager in charge and responsible for the operations of the Dancing Crab at Washington Harbor, L.P.

Denied.

Law Offices
*Cain & Wyrough*
15051 Marlboro Pike
Upper Marlboro, MD 20772
(301) 627-4600
fax: 627-2716

73) That Oluwatosin Adeboyeku and Olayinka Adeboyeku were not subjected to the same employee standards of conduct as other individuals employed as bouncers and doormen at the Dancing Crab at Washington Harbor, L.P. during the course of their employment in 2004.

Denied.

74) That Anthony B. Wood was not subjected to the same employee standards of conduct as other individuals employed as bouncers and doormen at the Dancing Crab at Washington Harbor, L.P. during the course of their employment in 2004.

Denied.

75) That Anthony B. Wood was not disciplined by the Dancing Crab at Washington Harbor, L.P. as a result of his arrest on June 27, 2004 for the assault on plaintiff.

Cibel admits Anthony B. Wood was not disciplined. The balance of the request is denied.

76) That Plaintiff was hospitalized on June 27, 2004 as a direct result of the assault which occurred on June 27, 2004 and for which the Metropolitan Police Department charged Anthony B. Wood and Olayinka Adeboyeku.

Denied.

Respectfully submitted,
CAIN & WYROUGH, P.C.

/s/
RICHARD R. PAGE WYROUGH, #02821
15051 Marlboro Pike
Upper Marlboro, Maryland 20772
(301) 627-4600

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of January, 2006, a notice of service was filed electronically in this case and a copy of the foregoing was electronically mailed and mailed to:

Rick A. Rude, Esq.
Suite 103
207 Park Avenue
Falls Church, Virginia 22046

Law Offices
*Cain & Wyrough*
15051 Marlboro Pike
Upper Marlboro, MD 20772
(301) 627-4600
fax: 627-2716