UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JONATHAN W. RUDE | : | |
| Plaintiff | : | |
| vs. | : | Case No.: 1:05CV01278 |
| THE DANCING CRAB AT WASHINGTON HARBOUR, LP, ET AL. | : | JUDGE ROYCE C. LAMBERTH |
| Defendants. | : | |

**OPPOSITION TO MOTION FOR SANCTIONS**

The Defendants, THE DANCING CRAB AT WASHINGTON HARBOUR, LP and DEAN CIBEL, by and through their counsel, Richard R. Page Wyrough and Cain & Wyrough, PC, in opposition to Plaintiffs' Motion for Sanctions state as follows:

1. Plaintiff's motion is predicated principally on three (3) grounds.

2. Plaintiff claims that the Defendants failed to identify and supply information concerning potential witnesses.

3 Plaintiff claims that evidence was destroyed.

4. Plaintiff claims that he was not provided with financial and corporate records to which he was entitled.

5. In each case Plaintiff asserts Plaintiff's ability to prepare his case has been substantially impacted and Plaintiff has been prejudiced thereby. The assertion is unfounded.

6. Plaintiff was provided with the names of every employee who was on duty on the dates in question; was provided with the schedules and other records which showed when those employees were on duty in June of 2004; was provided with copies of certain employees' files; was offered the opportunity to review all employee files; was given the opportunity to depose any current employee of the Defendant without the benefit of subpoena; and assistance was rendered to the Plaintiff by the Defendants in the production of former employees to depose without the benefit of a subpoena as well.

    7.    There are and were no security tapes which were destroyed.

    8.    The Defendants provided Plaintiff with information concerning its corporate structure as well as the corporate structure of other entities not a party to this action to which the Plaintiff ordinarily would not have been entitled in the furtherance of full disclosure. The Plaintiff indicated at the time that Plaintiff's interest in the corporate structure was out of a concern that the proper parties had been sued. The Defendants took the position at the time that financial records and tax records were discoverable only in the event that the Plaintiff obtained a judgment against the Defendants. Plaintiff's counsel waived any objection to that position.

    9.    There are no grounds supporting a grant of the relief requested by the Plaintiff.

Wherefore, the Defendants respectfully request this honorable court to deny Plaintiff's motion for sanctions.

Respectfully submitted,

CAIN & WYROUGH, P.C.

_____/s/_____
RICHARD R. PAGE WYROUGH, #02821
15051 Marlboro Pike
Upper Marlboro, Maryland 20772
(301) 627-4600

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October, 2006, a copy of the foregoing was electronically filed in this case and was electronically mailed to:

Rick A. Rude, Esq.
Suite 103
207 Park Avenue
Falls Church, Virginia 22046

_____/s/_____
RICHARD R. PAGE WYROUGH