*Rick A. Rude*
*Attorney at Law*

Telephone (202) 223-5900
(703) 536-3063
Telefax (703) 536-4841

207 Park Avenue
Suite 103
Falls Church, Virginia 22046

26 May 2006
Via Internet

Mr. R. Page Wyrough
CAIN & WYROUGH
15051 Marlboro Pike
Upper Marlboro, MD. 20772

Re: Rude v. Dancing Crab et al.
    Discovery Issues

Dear Mr. Wyrough:

This correspondence is a follow up to our conversations and your message of May 24th. I am also taking this opportunity to recap where I believe we are regarding discovery. I would like to convey to you that I am going to make every effort to complete discovery in this case by July 31st.

There was a 3 month period of time during which I was unable to reach you or effectively communicate with you. Our meeting of May 5th addressed quite a few issues and we agreed to undertake mutual resolution of a number of them. We agreed to disagree on others. In any event, the Court's Order of May 15th supercedes the disagreements. I want to reconfirm to you that I am willing to work with you on discovery issues so long as plaintiff is not materially prejudiced.

I provided to you a list of documents that were in the April 17th Fedex package that I received. Quite frankly there was little in those documents that was responsive to the discovery. I have reached the opinion that personnel with the Dancing Crab are not taking this suit seriously. There is a broad pattern of delay and non-compliance. I recognize that you represent their insurance carrier and have a limited ability to obtain their cooperation. They, on the other hand, will be left with the results.

In the materials that were produced, I noted that some excerpt pages that were indicated as being from an employment manual. The pages reflect a screening process, an investigation of the backgrounds of employees, employee evaluations, applications, etc.

1

Mr. R. Page Wyrough
26 May 2006
Page Two

Plaintiff's claims include negligence in the hiring, supervision and retention of Mr. Wood and Adeboyeku. The personnel files will reflect the general practice and so far as I am concerned, deviation regarding the involved individuals is negligence. The personnel files would have enabled me to investigate and go directly to witnesses. A further result would be independent corroboration of various representations that have been made by various individuals. The stalling by Dancing Crab has pretty much foreclosed those avenues of discovery.

The wage, time sheet, and payment records also would have indicated who was actually present at various times. As I indicated in my message yesterday, I have learned that there was a practice of managers checking out employees. The production of isolated records would not have revealed that fact. The result would be a manipulation of key facts and is not something that I can accept. There are fact contradictions between Mr. Wood, Mr. Adeboyeku, and Mr. Dean Cibel. I expect more such contradictions. I also have clear suspicions regarding the accuracy of Mr. Eagleton's prior testimony as well. I perceive a pattern of disregard of the procedural requirements that are becoming cumulative to the detriment of plaintiff. However, I am more than aware that you cannot force Mr. Cibel, Mr. Casten and the Dancing Crab to comply.

I have reviewed the lease that was attached to your message on the 24th. It appears to be the same out of date document provided last December. I now know that Nick's Riverside Grill/Cabanas is actually a company identified as "PPT, Inc." which is also owned by Tony Cibel. The Answer identifies these as trade names. I have checked the record filings with the District of Columbia regarding these matters and find no compliance with DC statutory requirements on many of these matters. I am aware that the Washington Harbour Complex was reported as being sold and ownership transferred. I am also aware that when such events occur, there are documentary records of the assignment of leases, etc. I also find a total absence of documentation regarding the open space areas that are under the control of the Dancing Crab. Again, I must presume that you have not been able to obtain voluntary compliance. The hand drawn diagrams cannot be those actually attached to any formal proper and complete lease—especially between such entities as the operators/managers of the Washington Harbour Complex.

I will provide you with a copy of whatever I receive from the DC Alcoholic Beverage Control Administration. I have requested all documents that Dancing Crab et al has submitted. Dean Cibel obtained a Manager's License and is therefore responsible for the management of all components of the restaurant. I was disappointed to note that while Mr. Cibel, in his answers to interrogatories stated he was the manager of the restaurant, he further stated that he did not supervise any employees. Such a contradictory position is mind numbing.

Mr. R. Page Wyrough
26 May 2006
Page Three

Your message of the 24th indicates that you have requested certain information from the Dancing Crab. I cannot accept the limitations of only certain employees. The lack of clarity regarding employees, the entities involved, who was responsible to whom and for what, and indefinite timeframes simply frustrate my discovery. With this being said, I will review below the discovery issued and responses. To the extent that there are no documents, I would request that Defendants provide a certification, by Mr. Cibel and Mr. Casten, that such documents do not exist. That certification would also include any discs, computer tapes, etc regarding the hidden cameras.

Document Production Requests/Responses.

I provided a listing of the documents actually produced. I further provided an itemized list, numbering 1 through 50, of the documents sought. I did not seek these documents out of a matter of curiosity but of belief of need and use. Dancing Crab, out of the 50 categories of documents has provided either partial or full production of four items (#6,7,14, & 15). Dancing Crab had an obligation to produce all of the documents. I did note that I would accept the information that Mr. Casten had other entities that were vendors to the Dancing Crab. I provided a summary list by category of the types of records involved.  Mr. Casten and Dancing Crab cannot forestall compliance by the vague 'future date' response. I am attaching hereto another copy of that summary.

I have pulled the entire court file on the Badr case. The case was settled by a payment to Mr. Badr by Defendants in early 2003. There were also certificates of responses to discovery. I identified both Adeboyeku brothers as involved—the incident was known of and was spoken of within Tony & Joes in 2003. The production of a copy of the complaint and answer is not responsive. The contents of the production will dictate whether or not I seek to bring Badr back to the US.

The financial records production cannot be compromised. Dancing Crab and Mr. Cibel deny making cash payments to "employees". That of course would be in violation of numerous statutory requirements. I find however that the sequence of events represented in the criminal trial include the representation that Adeboyeku went to Cibel's office, he was checked out and paid in cash by Dean. I fully expect all IRS 1099 forms to be provided for all employees, not just three individuals.

Interrogatories.

Many of the interrogatories contain objections that are no longer valid. They also make reference to the documents produced but without the required specifically within the documents. Frankly, Such a reference is unresponsive. I am requesting that Dancing Crab review the responses and advise whether or not Dancing Crab 'stands on the answers as made'.

Mr. R. Page Wyrough
26 May 2006
Page Four

<u>Depositions.</u>

So far as I am aware, we have identified individuals to be deposed and I have provided the appropriate notices. I would ask that you also provide me your notices for plaintiff and Mr. Gillman. I am concerned regarding individuals that are no longer employees of Dancing Crab. If Mr. Puzio and Mr. Moran, as example, simply decided not to show up, I would have no recourse but to chase them. I have agreed to change their dates to accommodate Mr. Casten but cannot reschedule. They fail to appear, I will have time to obtain subpoenas. Again, that takes us back to the employee files. I have no objection to the deletion of social security numbers—however any other information which would limit my ability to identify, locate or effectively exam these witnesses cannot be permitted.

I trust the above discussion brings these matters up to date. I remain,

Very truly yours,

Rick A. Rude

Encl.
RR/mp

4

NOTES ON DANCING CRAB DISCOVERY RESPONSES.

Instruction #6 – January 1, 2000 to date

Instruction #9 – Identify all sources and persons for information provided.

Definitions -  a) describe in detail
               b) identify all documents

Scope of Defendants – page 5
___

Production Requests and Responses – See List. And Document List.
Types of Records Missing:
Defendants corporate, financial and tax records
Defendant Personnel Files
Defendant Payment records—employees and vendors
Actual Time Records for employees during stated periods.
Employment Manual appears to be incomplete
No identification of employees actually working at the times in question
Records for Natasha
Proper Complete Leases and diagrams
Security service arrangements
Computer, camera and monitor tapes, discs, etc.