UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN W. RUDE : | |
| : | |
| Plaintiff : | |
| vs. : | Case No.: 1:05CV01278 |
| : | |
| THE DANCING CRAB AT WASHINGTON HARBOUR, : | |
| LP, ET AL. : | JUDGE ROYCE C. LAMBERTH |
| : | |
| Defendants. : | |
| : | |

**MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTION FOR**

**PARTIAL SUMMARY JUDGMENT**

The Defendants, THE DANCING CRAB AT WASHINGTON HARBOUR, LP and DEAN CIBEL, by and through their counsel, Richard R. Page Wyrough and Cain & Wyrough, PC, in support of their opposition to Plaintiff's Motion for Partial Summary Judgment submit this memorandum.

### INTRODUCTION

Plaintiff seeks the grant of a partial summary judgment. Plaintiff claims that the Defendants have raised the "affirmative defenses" of trespass as well as contributory negligence and assumption of the risk. The Defendants have not raised an affirmative defense of trespass. The issue of whether or not the Plaintiff was trespassing on the date and at the time of the incident in question relates to the duty owed by these Defendants to the Plaintiff. In the first instance, Plaintiff has the burden of proving that a duty was owed by the Defendants to the Plaintiff and what that duty was. The nature and extent of the duty owed relates in part to Plaintiff's status as an invitee, licensee or trespasser. Contrary to Plaintiff's assertions, the statutes of the District of Columbia cited by the Plaintiff in

support of the proposition that Plaintiff cannot be found to be a trespasser are not applicable to the facts of this case. The cases cited by the Plaintiff as the basis for the legal argument that the Defendants cannot raise the affirmative defenses of contributory negligence and assumption of the risk are equally inapplicable to the facts of this case. In both cases cited by the Plaintiff, the defendant that raised the defenses of contributory negligence and assumption of the risk was the intentional tortfeasor. There is no allegation in this case that the Defendants are or were intentional tort feasors and the cases cited are not on point. Further, there are genuine disputes of material fact concerning Plaintiff's position that "plaintiff undertook to avoid a confrontation". There is significant evidence that Plaintiff's actions precipitated the events of June 27, 2004 and that Plaintiff was contributory negligent or assumed the risk.

## STATEMENT OF FACTS

At the time of the fight with Olayinka Adeboyeku Plaintiff was a former defensive end for Georgetown University who had taken time off from school to pursue an attempt to become a National Football League player. At the time of fight the Plaintiff weighed between 270 and 280 pounds and was physically larger than Yinka. The Plaintiff also was a former doorman/bouncer for the Dancing Crab.

Fueled by football machismo the Plaintiff was an active participant in an incident involving Yinka, who played football for the University of Maryland, and other Georgetown football players the week prior to the fight. During that incident one of the Georgetown players patted Yinka on the head like a dog and told Yinka it was a good thing that a manager had come to his rescue. An impending altercation between Yinka and the Georgetown football players, one of whom had had a prior run in with Yinka, was avoided. As a result of their belligerent behavior the Plaintiff and the other players were banned from the Dancing Crab by John Eagleton. Later that night there was an

incident in the parking garage between the Plaintiff, one of the Georgetown University football players and Yinka. During that incident, Yinka's shirt was torn by one of the Georgetown football players and Yinka claimed that he was fearful that he was going to be dragged by a car driven by the Plaintiff.

The following week, despite having been banned, Plaintiff appeared at the Dancing Crab near closing time. Rob Puzio, manager of the doormen, directed a bartender to tell the Plaintiff to leave, because he was not supposed to be there. Yinka, who was off duty at the time, was agitated by the Plaintiff's presence. Two Metropolitan police officers tried to defuse the situation. One escorted the Plaintiff and his party out to K Street. The other officer was going to try and calm Yinka down, but in the interim Yinka disappeared. Tony Wood went chasing after Yinka to ensure that, if there was a fight, it was a fair one. When Wood came upon the Plaintiff and Yinka, a friend of the Plaintiff's and also a Dancing Crab employee, had Yinka in a head lock and Rude was hitting Yinka. Wood separated the Plaintiff from his companions, demanding that the fight be fair. The Plaintiff and Yinka traded blows. The Plaintiff lost the fight and was injured.

## APPLICABILITY OF EQUAL SERVICES LAW

Plaintiff claims section 47-2902(a) preempts common law and precludes the Defendants from asserting that the Plaintiff was a trespasser. The section is not applicable. The section, only partially quoted by the Plaintiff, provides in full as follows:

> **§ 47-2902. Discrimination because of race or color prohibited in licensed hotels and restaurants; penalty.**
>
> (a) It shall not be lawful for the keeper, proprietor, or proprietors of any licensed hotel, tavern, restaurant, ordinary, sample room, tippling house, saloon, or eating house, to refuse to receive, admit, entertain, and supply any quiet and orderly person or persons, or to exclude any person or persons on account of race or color.

There is no allegation in this case that the Defendants refused to receive, admit, entertain or excluded

Plaintiff on account of race or color.[1]    On the other hand, trespass is defined as:

> § 22-3302. Unlawful entry on property.
>
> Any person who, without lawful authority, shall enter, or attempt to enter, any public or private dwelling, building, or other property, or part of such dwelling, building, or other property, against the will of the lawful occupant or of the person lawfully in charge thereof, or being therein or thereon, without lawful authority to remain therein or thereon shall refuse to quit the same on the demand of the lawful occupant, or of the person lawfully in charge thereof, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding $100 or imprisonment in the Jail for not more than 6 months, or both, in the discretion of the court.

A trespasser is one who enters onto property without the consent of the possessor. *Lacy v Sutton Place Condominium Assoc., Inc.*, 684 A.2d 390 (DC 1996)    A distinction is not drawn in the trespass statute between a private or public building or property.   In the absence of a constitutional or statutory right, a restaurant owner has the right to refuse service to anyone.  see, *Feldt v. Marriott Corporation, 322 A.2d 913 (DC )*    The testimony of John Eagleton is that he told the Plaintiff not to come back on the premises as a result of Plaintiff's participation in antagonizing Yinka on June 20, 2004. *see exhibit 6*  The testimony of Robert Puzio is that the Plaintiff was told to leave on the night of the incident, because the Plaintiff was not supposed to be there. *see exhibit 7*  The claim that Plaintiff is legally entitled to claim status as an invitee, because common law has been preempted by the provisions of title 47 is not supported by the language of the statute on which Plaintiff relies; the criminal trespass statute applies with equal force to public and private property and there is a genuine dispute of material fact concerning Plaintiff's status as an invitee or trespasser.

### PLAINTIFF'S ALLEGED STATUS AS AN INVITEE

Plaintiff asserts that legally he is entitled to status as an invitee and cites three (3) cases to

---

[1] Plaintiff also cites DC Code Annon. 2-1402.31(a)(1) and (a)(2) for the proposition the it is unlawful to refuse admission or service to any person in regard to public accomodations.  That code section is a human relations, anti-discrimination statute.  No allegation of discrimination is made in this motion.

support that proposition and the argument that Plaintiff cannot as a matter of law be held to be a trespasser. If Plaintiff was a trespasser, the duty owed to the Plaintiff is dramatically different than it would be if Plaintiff were an invitee. While it is true that the common law distinction between invitees and licensees has been abolished and the same duty is owed to each class, the distinction between invitees and trespassers has not been abolished. *Sandoe v. Lefta Assocs.*, 559 A.2d 732 (DC 1988). The District of Columbia has not adopted the holding in *Smith v. Arbaugh's Restaurant, Inc.*, 469 F.2d 97 (DC Cir 1972) which in any event concerned an invitee, not a trespasser. *Id. at 107*. In the District of Columbia a trespasser still cannot hold a landowner liable for injuries caused by negligence; recovery can only be had upon proof that the landowner acted intentionally or wantonly and wilfully. *see*, *Lacy v Sutton Place Condominium Assoc., Inc.*, *supra*, *see also, Estrada v. Potomac Electric Power Co.*, 488 A.2d 1359 (DC 1985), *Washington v. Washington Metropolitan Transit Authority*, 433 A.2d 1072 (DC 1981). There is testimony that the Plaintiff was directed not to return to the premises of the Dancing Crab. If believed, Plaintiff was a trespasser on the night of the altercation and Plaintiff will have to prove the Defendants acted intentionally or wilfully and wantonly. Proof of negligence will not suffice.

### APPLICABILITY OF DEFENSES OF CONTRIBUTORY NEGLIGENCE AND ASSUMPTION OF THE RISK

Plaintiff cites two cases for the proposition that the defenses of contributory negligence and assumption of the risk are unavailable to the Defendants. The claim is made that the cases cited arose out of fact situations similar to the ones at hand in this action. The factual situations are not at all similar. In both *State Farm Mutual Automobile Insurance Co. v. Hill* and *Janelsins v. Button* the defendant who attempted to raise those affirmative defenses was the intentional tortfeasor and for that reason, the defenses were unavailable to the defendant. There is no allegation in this case

that the Defendants were intentional tortfeasors, nor any facts which would support such a claim. Defendants have been sued, in part, for negligently hiring, supervising and retaining employees. No authority is cited for the proposition that having sued in negligence that the affirmative defenses are unavailable, because a third party allegedly committed an intentional tort which give rise to the claims against the Defendants.

### THERE ARE GENUINE DISPUTES OF MATERIAL FACT AS TO WHETHER OR NOT PLAINTIFF'S ACTS LEAD TO THE INCIDENT ON JUNE 27, 2004

As is set forth in the statement of disputed material facts Plaintiff was involved in and had knowledge of prior incidents involving Plaintiff, other Georgetown University football players and Olayinka Adeboyeku. The Plaintiff goaded and repeatedly taunted and/or participated in the taunting of Olayinka Adeboyeku, which apparently ultimately lead to the incident, which is the subject of Plaintiff's complaint. Despite knowledge of the foregoing, Plaintiff returned to Defendant's premises after having been banned. Contrary to Plaintiff's assertions, the foregoing facts create a dispute over whether or not Plaintiff 'invited" the attack by his prior actions and then appearing on the premises in violation of a direction not to do so despite his apparently prior contentious contacts with Olayinka Adeboyeku.

Wherefore, for the aforestated reasons the Defendants respectfully request this honorable court to deny Plaintiff's motion.

Respectfully submitted,

CAIN & WYROUGH, P.C.

      /s/
RICHARD R. PAGE WYROUGH, #02821
15051 Marlboro Pike
Upper Marlboro, Maryland  20772
(301) 627-4600

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October, 2006, a copy of the foregoing was electronically filed in this case and was electronically mailed to:

>Rick A. Rude, Esq.
>Suite 103
>207 Park Avenue
>Falls Church, Virginia 22046

_____/s/_____
RICHARD R. PAGE WYROUGH