UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE                    :
                                    :
        Plaintiff                   :
                                    :
vs.                                 :        Case No.: 1:05CV01278
                                    :
THE DANCING CRAB AT WASHINGTON HARBOUR, :
LP, ET AL.                          :        JUDGE ROYCE C. LAMBERTH
                                    :
        Defendants.                 :
                                    :

---

**DEFENDANTS' STATEMENT OF MATERIAL FACTS IN DISPUTE**

---

The Defendants, THE DANCING CRAB AT WASHINGTON HARBOUR, LP and DEAN CIBEL, by

and through their counsel, Richard R. Page Wyrough and Cain & Wyrough, PC,  in support of their

opposition to Plaintiff's Motion for Partial Summary Judgment submit this statement of material

facts in dispute.

1.      The Dancing Crab at Washington Harbor, L.P. is subject the regulations contained in Title

25, not Title 23 as alleged in paragraph 3 of Plaintiff's statement.  Further, while the Dancing Crab

at Washington Harbor, L.P. is open to the public, Plaintiff puts "public" in quotes as if that reference

takes on some legal significance.  As the Defendants are unclear about Plaintiff's intentions

concerning the use of the quotes, the "allegation" is disputed.

2.      Anthony Wood is not known as Willie Joyner, Jr.

3.      Anthony Wood's "extensive" criminal history was not generally known to the managers of

the Dancing Crab.  *see exhibits 6, 7*

4.      Tosin was an employee/doorman at the Dancing Crab, was not a supervisor and not allowed

to hold himself out as such.  *see exhibits 1, 6, 7*

5.    The Plaintiff had worked as a doorman at the Dancing Crab.  *see exhibits* 7

6.    On occasion Plaintiff had to be "calmed down" when he worked as a doorman at the Dancing

Crab.  *see exhibit 7*

7.    The Plaintiff played defensive end for Georgetown University and in June of 2004 he

weighed approximately 270 to 280 pounds.  *see exhibit 1*

8.    At the time of the fight the Plaintiff was in training to make an attempt to enter the NFL.  *see*

*exhibit 4*

9.    Yinka played football at the University of Maryland.  *see exhibit* 8

10.    The Plaintiff had been banned from the Dancing Crab by John Eagleton on June 20-21, 2004

for participating in the taunting of Yinka with other Georgetown football players*. see exhibits 3, 6,*

*7*

11.    During the incident which preceded the banning, another Georgetown football player patted

Yinka on the head like a dog and was told that it was a good thing a manager had come to save him.

*see exhibits 2, 3, 6*

12.    After the Plaintiff and the other Georgetown University football players  were banned, there

was another incident in the parking garage at Washington Harbor involving the Plaintiff and another

Georgetown football player.   Yinka's shirt was ripped by the other player and Yinka expressed

concern that he was going to be dragged by a car driven by the Plaintiff while his shirt was being

ripped.  *see exhibits 2, 3, 8*

13.    On the night of the fight Robert Puzio told James Sylvester to ask Plaintiff to leave, because

the Plaintiff was not supposed to be on the premises of the Dancing Crab, having been banned the

prior weekend.  *see exhibit* 7

14.     Officer Owens was asked to escort the Plaintiff off the premises on the night of the fight. *see exhibit* 7

15.     The Plaintiff was escorted by Owens off the premises by Owens, because Yinka was upset the Plaintiff had come back to the restaurant, because of the incident the prior weekend. *see exhibits 1, 7, 8*

16.     The officers tried to calm Yinka down, but Yinka was not throwing chairs. *see exhibits 3, 8*

17.     Robert Puzio advised the officers to arrest "all of them", including the Plaintiff and Yinka, if there was any trouble on the night of the fight. *see exhibit 7*

18.     Yinka left the Dancing Crab ahead of Anthony Wood, not with him. Anthony Wood went after Yinka to, in part, ensure that there was a fair fight. *see exhibit* 1

19.     When Anthony Wood came upon the scene of the fight Gilman had Yinka in a head lock. *see exhibits 5, 7*

20.     Plaintiff struck Yinka as he was being held by Gilman. *see exhibit 2*

21.     Anthony Wood pulled Gilman off Yinka, because Anthony Wood wanted a fair fight. *see exhibits 2, 5, 7*

22.     The Plaintiff and Yinka exchanged multiple blows during the fight. *see exhibits 1, 2, 5*

23.     After the fight Yinka had a knot on his face and was dizzy. *see exhibit* 8

24.     Yinka and Anthony Wood did not return to the restaurant facilities for a meeting after the incident. *see exhibit 8*

25.     At the time of the incident in question Yinka and Tony Wood had been paid and were off duty. *see exhibits 2, 7, 8*

26.     Anthony Wood was not arrested at the restaurant facilities of the Dancing Crab, but was

arrested in the public area of the Washington Harbor near K Street.

Respectfully submitted,

CAIN & WYROUGH, P.C.


_____/s/_____
RICHARD R. PAGE WYROUGH, #02821
15051 Marlboro Pike
Upper Marlboro, Maryland  20772
(301) 627-4600

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October, 2006, a copy of the foregoing was electronically filed in this case and was electronically mailed to:


Rick A. Rude, Esq.
Suite 103
207 Park Avenue
Falls Church, Virginia 22046


_____/s/_____
RICHARD R. PAGE WYROUGH