All Communications between Counsel for April 2006
E-Mails With Page 1 of Each Noted Attachment

CASE NO. 05CV1278(RCL)
PLAINTIFF'S MOTION FOR SANCTIONS
**ATTACHMENT NO. 8**

**Rick Rude**

**From:** "Richard R. Page Wyrough" <Page@somdlaw.com>
**To:** "Rick Rude" <rick_rude@msn.com>
**Sent:** Friday, April 14, 2006 4:07 PM
**Attach:** ATOI.pdf; RPD disc.pdf; Cibel resp to req for prod of docs.pdf
**Subject:** RE: Rude v. Dancing crab

See attached.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

JONATHAN W. RUDE                        :
                                        :
    Plaintiff                    :
vs.                                     :     Case No.: 1:05CV01278
                                        :
THE DANCING CRAB AT WASHINGTON HARBOUR, :
LP, ET AL.                              :     JUDGE ROYCE C. LAMBERTH
                                        :
    Defendants.                  :
                                        :

---

### RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

---

    1.    All articles of organization and/ or incorporation pertaining to defendant.

Response 1:    Objection. The articles of organization and/or incorporation are irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

    2.    All documents pertaining to the identity of all partners, officers, directors and stockholders of defendant.

Response 2:    Objection. The request is overbroad, burdensome and seeks the discovery of documents that are irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

    3.    All documents pertaining to the identity and whereabouts of the employees and former of employees of defendant.

Response 3:    Objection. As the request is not limited in time and as the Defendant has been operational for many years, the request is overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent that the request seeks the discovery of the identity and whereabouts of employees who were not

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN W. RUDE : | |
| Plaintiff : | |
| vs. : | Case No.: 1:05CV01278 |
| : | |
| THE DANCING CRAB AT WASHINGTON HARBOUR, : | |
| LP, ET AL. : | JUDGE ROYCE C. LAMBERTH |
| : | |
| Defendants. : | |

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

1. All documents reflecting or referencing any investigation of the assault on plaintiff on June 27, 2004 or the conversations or threats made by Olayinka Adeboeyku on or about July 24, 2004..

Response 1:   See attached.

2. All documents pertaining to the identity of all partners, officers, directors and stockholders of defendant.

Response 2:   Objection. The request is overbroad, burdensome and seeks the discovery of documents that are irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

3. All documents identified in response to interrogatory number 9 above.

Response 3:   See documents attached hereto.

4. All financial records, financial statements, and tax returns and supporting documents concerning defendant, its subsidiaries, parent entities, participating partners or controlling partners, affiliates, successor or successors in interest.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jonathan W. Rude : | |
| : | |
| Plaintiff : | |
| vs. : | Case No.: 1:05CV01278 |
| : | |
| The Dancing Crab at Washington Harbour, : | |
| LP, et al. : | Judge Royce C. Lamberth |
| : | |
| Defendants. : | |
| : | |

## ANSWERS TO INTERROGATORIES

a.    The information contained in these Answers is being provided in accordance with the provisions and intent of the Federal Rules of Civil Procedure, which require the disclosure of facts which may be relevant or which may lead to discovery of relevant information. Accordingly, the party answering these Interrogatories, by providing the information requested, does not waive objections to its admission in evidence on grounds of materiality or relevancy or other proper grounds for objection.

b.    The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives and attorneys, unless privileged.

c.    The word usage and sentence structure may be that of the attorney assisting in the preparation of these Answers and, thus, does not necessarily purport to be the precise language of the executing party.

\* \* \* \*

**INTERROGATORY NO.1:**    State the principal facts and identity the documents which support the factual contention or allegation that plaintiff was a "trespasser and had been barred from defendant's premises."

**ANSWER:**    Approximately one (1) week prior to the alleged incident, Plaintiff and two (2) of his friends, one of whom was John Cummings, were asked to leave by John Eagleton and told not to come back. On the night of the incident in question and despite the direction not to return Plaintiff returned to the premises. See documents provided in response to Defendant's response to request for production of documents.

**INTERROGATORY NO.2:**    State the principal facts and identity the documents which support the factual contention or allegation that plaintiff had "assumed the risk" as stated in defendant's fourth affirmative defense.

**ANSWER:**    Discovery in the matter has not been concluded. However, upon information and belief the Plaintiff willingly engaged in a fight with Olayinka Adeboyeku. Further, upon information and belief the Plaintiff was involved in and had knowledge of prior incidents involving

**Rick Rude**

**From:** "Richard R. Page Wyrough" <Page@somdlaw.com>
**To:** "Rick Rude" <rick_rude@msn.com>
**Sent:** Wednesday, April 19, 2006 9:49 AM
**Attach:** Cibel answer to interrogatories word perfect.pdf
**Subject:** FW: Rude v. Dancing crab

See attached.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jonathan W. Rude | : |
|     Plaintiff | : |
| vs. | :   Case No.: 1:05CV01278 |
| The Dancing Crab at Washington Harbour, LP, et al. | : |
| | :   Judge Royce C. Lamberth |
|     Defendants. | : |

## ANSWERS TO INTERROGATORIES

    a.    The information contained in these Answers is being provided in accordance with the provisions and intent of the Federal Rules of Civil Procedure, which require the disclosure of facts which may be relevant or which may lead to discovery of relevant information. Accordingly, the party answering these Interrogatories, by providing the information requested, does not waive objections to its admission in evidence on grounds of materiality or relevancy or other proper grounds for objection.

    b.    The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives and attorneys, unless privileged.

    c.    The word usage and sentence structure may be that of the attorney assisting in the preparation of these Answers and, thus, does not necessarily purport to be the precise language of the executing party.

\* \* \* \*

    **INTERROGATORY No.1:**    State the principal facts and identity the documents which support the factual contention or allegation that plaintiff was a "trespasser and had been barred from defendant's premises."

    **ANSWER:**    Approximately one (1) week prior to the alleged incident, Plaintiff and two (2) of his friends, one of whom was John Cummings, were asked to leave by John Eagleton and told not to come back. On the night of the incident in question and despite the direction not to return Plaintiff returned to the premises. See documents provided in response to Defendants response to request for production of documents.

**Rick Rude**

**From:** "Rick Rude" <rick_rude@msn.com>
**To:** "Pamela M. Roth" <pam@somdlaw.com>
**Sent:** Friday, April 28, 2006 12:28 PM
**Subject:** Re: Rude v. Dancing Crab

Dear Ms. Roth:
I am confirming my conversation with you and with Page Wyrough this morning. Page and I have set a meeting for Friday, May 5th and I will be bringing my expert witness information with me on Friday.

> ----- Original Message -----
> **From:** Pamela M. Roth
> **To:** rick_rude@msn.com
> **Sent:** Friday, April 28, 2006 9:00 AM
> **Subject:** Rude v. Dancing Crab
>
> Hello Mr Rude,
>
> If you could please call Pamela @ 301-627-4600 when you get this message, it would be greatly appreciated.  Mr. Wyrough asked if I could get with you regarding agreeable dates for depositions on this matter.  Thank you, Pamela M. Roth (legal assistant to Richard R. Page Wyrough)