CASE NO. 05CV1278(RCL)
PLAINTIFF'S MOTION FOR SANCTIONS
**ATTACHMENT NO. 17**

## Rick Rude

| | |
|---|---|
| **From:** | "Rick Rude" <rick_rude@msn.com> |
| **To:** | <Page@somdlaw.com> |
| **Sent:** | Thursday, September 07, 2006 12:17 PM |
| **Attach:** | Rude Ltr to Wyrough - 9-07-06001.pdf |
| **Subject:** | Rude v. Dancing Crab Discovery Issues |

Dear Mr. Wyrough:

Now that discovery in this matter is concluded; I am forwarding a letter to you regarding defendants' compliance.

I remain,

Sincerely

Rick A. Rude

10/19/2006

Telephone (202) 223-5900
(703) 536-3063
Telefax (703) 536-4841

*Rick A. Rude*

*Attorney at Law*

*207 Park Avenue*
*Suite 103*
*Falls Church, Virginia 22046*

7 September 2006
Via Internet

Mr. R. Page Wyrough
Cain & Wyrough
15051 Marlboro Pike
Upper Marlboro, MD.  20772

Re: Rude v. Dancing Crab at Washington Harbour, L.P.
And Dean A. Cibel, Case No. 05cv1278RCL

Dear Mr. Wyrough:

In November 2005 we met and undertook a discovery arrangement under which we both sought to provide what each party needed. The arrangement included the caveat that we would maintain this approach so long as neither party was substantially prejudiced by the arrangement.

The complaint included unnamed partners and managers. Your approach to this case was to avoid discovery until after the expiration of the date to name additional parties. However, that approach resulted in the May 15th discovery orders which now exist.  The approach of delay does not in my view work to the benefit of the defendants.  As you are aware, there is now a fourth discovery motion pending.

I have reviewed the documents produced, the answers to the interrogatories as well as the depositions.  The facts adduced in the depositions tend to contradict the answers to interrogatories as well as to raise questions regarding the scope of the documents that defendants provided to you, and which you in turn provided to me.

At this point in this litigation, I am not going to provide a detailed itemized list of the documents and items which were not provided.  I must assume that you are aware of what was provided and what was not provided.  The topical areas are sufficient for purposes of this correspondence.  The areas include (1) information relevant to plaintiff's claim for punitive damages, (2) information relevant to the events occurring inside Tony & Joe's main bar area between 1:30 AM and 3:00 A.M. on June 27, 2004, (3) the actual identity of the other doormen who may have been present as well as their 'home'

Mr. R. Page Wyrough
7 September 2006
Page Two

information necessary to locate and interview. These discovery deficiencies do not
include the incomplete and inadequate responses to the interrogatories.

I found it interesting that in November 2005 you expressed the belief that a substantial
issue would simply be whether or not plaintiff could be considered a "trespasser". I
decided that there was no point in disputing your initial analysis. However, at this point
in this case, I can advise you that the Federal Court in the District of Columbia has
eliminated the distinctions between "invitees, licensees and trespassers". I can now also
advise you that the practice of 'banning' is illegal under the laws of the District.

The depositions of Mr. Sylvester and Mr. Gillman support the trial testimony of Mr.
Owen. Mr. Luckett likewise confirms the accuracy of the involved testimony. I found it
interesting that Mr. Puzio denied the existence of the June 20, 2004 telephone call but his
telephone records confirmed the call. Likewise Mr. Cummings formally complained to
Mr. Puzio and that complaint has also been identified as to date and time.

The failure to produce the records and filings to the DC Alcoholic Beverage Control
Administration, as well as the records to the DC Department of Consumer and
Regulatory Affairs not only go to the issue of the real party defendants but also go to the
motivation for the decision not to call the Metropolitan Police Department on June 27,
2004.

The facts in this case are relatively simple. Three employees undertook to engage in
an assault on plaintiff at Tony & Joe's. Plaintiff refused to engage in a fight, was lead out
a rear door and subsequently attacked by two of the three employees. Dancing Crab
managers were well aware of the unstable and highly violent nature of Yinka Adeboyeku.
These three employees had not finished their required duties and had not been paid.
They were under the supervision of three managers—Cibel, Moran and Puzio. These
managers had an affirmative duty to maintain the safety of plaintiff, to restrain their
employees, and to call the MPD. This does not begin to include the issues of negligence
in the retention of employment and ratification of the conduct of these employees.

You stated that you had obtained a copy of the criminal trial transcript of Mr.
Adeboyeku. I can therefore assume that you are aware that Oluwatosin ("Tosin")
Adeboyeku testified under oath that he was a "supervisor" at Tony & Joe's. The extent
of the disparity between the trial testimony of these individuals and the actual facts
developed is not surprising. In any event, a 'supervisor' of Tony & Joe's participating in
an assault and battery, as well as his retention, supports respondent superior contentions.

I have reached the conclusion that defendants are seeking to delay this proceeding.
While I would be justified in seeking further orders regarding compliance with
outstanding and past due discovery, I am simply going to request reasonable sanctions.

Mr. R. Page Wyrough
7 September 2006
Page Three

However, prior to filing the involved motion, I am giving you notice of my intent. Since there has been no compliance on the financial, business and DC filing records I am going to request that General Partners of the Dancing Crab be held directly liable for any judgment obtained. Secondly, that any judgment be automatically increased to the fullest extent permitted under Supreme Court precedent involving punitive damages. Thirdly, that defendants not be allowed to contest the deposition testimony of Mr. Sylvester and Mr. Gillman, nor the trial testimony of Mr. Owen and Mr. Luckett.

    I will file the involved motion next week unless we reach an agreement under which the prejudice to plaintiff is addressed. I remain,

Very truly yours,

Rick A. Rude

RR./mp