**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JONATHAN W. RUDE,          ) | |
|          ) | |
|     Plaintiff,        ) | |
|          ) | |
|     v.         ) | Civil Action No. 05-1278 (RCL) |
|          ) | |
| THE DANCING CRAB AT    ) | |
| WASHINGTON HARBOUR, LP, et al.   ) | |
|          ) | |
|     Defendants.     ) | |
|          ) | |

**ORDER**

Upon consideration of plaintiff's Motion [26] to Compel Compliance With Discovery,

the opposition and reply thereto, the applicable law, and the entire record herein, it is hereby

ORDERED, that the Motion [26] to Compel is GRANTED, and defendant shall fully and

completely respond to plaintiff's second request for production of documents within ten days of

this date and shall certify its response to the Court; and it is further

ORDERED, that should defendant fail to comply with the terms of this Order, plaintiff

may submit to the Court a motion for the imposition of sanctions; and it is hereby further

ORDERED, that plaintiff may submit to the Court a motion for award of attorney's fees

necessitated by defendant's failure to comply with discovery.  Whether plaintiff's counsel, as a

relative of plaintiff, is eligible to obtain such fees remains to be determined.

Defendants' objections to the document requests, as well as to their timeliness, were not

made until after the motion to compel was brought and are thus waived.  Even if the Court were

to consider the privilege objections contained in defendant's response to the request for

production of documents, it would still grant the motion to compel.  Defendant's privilege

objections are mere boilerplate, with no detail or specificity as to the application of the privilege, and no privilege log.  Without a sufficient objection, the privilege could not attach at any rate. While it appears that prior to and following the filing of this motion, defendants have produced documents responsive to plaintiff's second request for production of documents, it is not clear that they have complied with all of the requests, and thus this Order is still appropriate.  Plaintiff, in turn, is reminded that a party cannot produce documents that are not under its custody and control.  Several of the purported deficiencies plaintiff points to in defendants' responses may well be due to the fact that the documents sought are not in the defendants' possession or control.

     SO ORDERED.

     Signed by United States District Judge Royce C. Lamberth, March 30, 2007.