UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN W. RUDE : <br> : <br> Plaintiff : <br> : <br> vs. : <br> : <br> THE DANCING CRAB AT WASHINGTON HARBOUR, : <br> LP, ET AL. : <br> : <br> Defendants. : <br> : <br> : | Case No.: 1:05CV01278 <br><br> JUDGE ROYCE C. LAMBERTH |

**SECOND RESPONSE TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

To:  Jonathan W. Rude

   c/o Rick A. Rude, Esquire

From: Dancing Crab At Washington Harbor, L.P.

   c/o Richard R. Page Wyrough, Esquire

\* \* \* \*

**REQUEST NO. 1:** Any and all reports of any experts you intend to call as witnesses at the trial of this matter.

 **RESPONSE:** This Defendant does not intend to call any experts except that this Defendant reserves the right to call any or all of Plaintiff's healthcare providers to testify concerning their treatment of the Plaintiff or to call any healthcare provider who treated Olayinka Adeboyeku. The Defendant has previously provided the Plaintiff with copies of all the documents received in response to the subpoenas issued to those providers. Upon information and belief the records of Olayinka Adeboyeku have been provided to the Plaintiff. Nonetheless, copies of those records were attached to the first response to this request for production of documents.

**REQUEST NO. 2:** Any and all documents which you intend to introduce as exhibits at the trial of this matter and which support the contention that plaintiff was a "trespasser".

 **RESPONSE:** The Defendant has not made a determination as to which documents it intends to introduce at the trial of this matter and which support the contention set forth above. Further, Plaintiff previously requested that any documents supportive of such a contention be identified in conjunction with the answer to interrogatory number 1 to Dean Cibel. Those records include, but are not limited to, the police reports, the files associated with the matter of US v Wood, F-04-4083 and US v Adeboyeku, F04-4460 and 4895, the transcript of the criminal trial and documents produced therein, and the handwritten report of Charles Moran. Those documents and any and all other such documents which support the contentions referenced have been previously produced in this action by the parties and the Defendant reserves the right to introduce any or all such documents at trial.

**REQUEST NO. 3:** Any and all documents which you intend to introduce as exhibits at the trial of this matter and which support the contention that plaintiff had been barred from the premises of defendant.

 **RESPONSE:** The Defendant has not made a determination as to which documents it intends to introduce at the trial of this matter and which support the contention set forth above. Further, Plaintiff

Law Offices
*Cain & Wyrough*
15051 Marlboro Pike
Upper Marlboro, MD 20772
(301) 627-4600
fax: 627-2716

previously requested that any documents supportive of such a contention be identified in conjunction with the answer to interrogatory number 1 to Dean Cibel. Those records include, but are not limited to, the police reports, the files associated with the matter of US v Wood, F-04-4083 and US v Adeboyeku, F04-4460 and 4895, the transcript of the criminal trial and documents produced therein, and the handwritten report of Charles Moran. Those documents and any and all other such documents such documents which support the contentions referenced have been previously produced, made available or were procured by the Plaintiff in this action by the parties and the Defendant reserves the right to introduce any or all such documents at trial.

**REQUEST NO. 4:** Any and all documents which you intend to introduce as exhibits at the trial of this matter and which support the contention that plaintiff was "contributory negligent" as stated in defendant's third affirmative defense.

**RESPONSE:** The Defendant has not made a determination as to which documents it intends to introduce at the trial of this matter and which support the contention set forth above. Further, Plaintiff previously requested that any documents supportive of such a contention be identified in conjunction with the answer to interrogatory number 3 to Dean Cibel. Those records include, but are not limited to, the police reports, the files associated with the matter of US v Wood, F-04-4083 and US v Adeboyeku, F04-4460 and 4895, the transcript of the criminal trial and documents produced therein, the handwritten report of Charles Moran and the medical records of the Plaintiff and Olayinka Adeboyeku obtained through discovery. Those documents and any and all other such documents which support the contentions referenced have been previously produced, made available or were procured by the Plaintiff in this action and the Defendant reserves the right to introduce any or all such documents at trial.

**REQUEST NO. 5:** Any and all documents which you intend to introduce as exhibits at the trial of this matter and which support the contention that plaintiff had "assumed the risk" as stated in defendant's fourth affirmative defense.

**RESPONSE:** The Defendant has not made a determination as to which documents it intends to introduce at the trial of this matter and which support the contention set forth above. Further, Plaintiff previously requested that any documents supportive of such a contention be identified in conjunction with the answer to interrogatory number 2 to Dean Cibel. Those records produced or made available for inspection include, but are not limited to, the police reports obtained through discovery, the files associated with the matter of US v Wood, F-04-4083 and US v Adeboyeku, F-04-4460 and 4895, the transcript of the criminal trial and documents produced therein, the handwritten report of Charles Moran and the medical records of the Plaintiff and Olayinka Adeboyeku obtained through discovery. Any and all such documents which support the contentions referenced have been previously produced, made available or were procured by the Plaintiff in this action by the parties and the Defendant reserves the right to introduce any or all such documents at trial.

**REQUEST NO. 6:** Any and all documents which contain or reflect oral or written statements of any person you intend to call as a witness at the trial of this matter.

**RESPONSE:** The Defendant has not made a determination as to which witnesses will be called to testify at trial. All statements of the Plaintiff have been made available to the Plaintiff. Further, any and all such documents which contain statements from any other person in the care, custody or control of this Defendant have been produced or are available for inspection. Those statements include, but are not limited to, any statement made and contained in the police reports, the files associated with the matter of US v Wood, F-04-4083 and US v Adeboyeku, F04-4460 and 4895, the transcript of the criminal trial, the handwritten report of Charles Moran, the medical reports concerning the Plaintiff, the medical reports concerning Olayinka Adeboyeku

**REQUEST NO. 7:** Any and all documents which contain or reflect oral or written statements made by any person, including but not limited to plaintiff, concerning, referring or relative to the facts and allegations made in the complaint.

Law Offices
*Cain & Wyrough*
15051 Marlboro Pike
Upper Marlboro, MD 20772
(301) 627-4600
fax: 627-2716

2

**Response:** All statements of the Plaintiff have been made available to the Plaintiff. Further, any and all such documents which contain statements from any other person in the care, custody or control of this Defendant have been produced or are available for inspection. Those statements include, but are not limited to, any statement made and contained in the police reports, the files associated with the matter of US v Wood, F-04-4083 and US v Adeboyeku, F04-4460 and 4895, the transcript of the criminal trial and documents produced therein, the handwritten report of Charles Moran, the medical reports concerning the Plaintiff, the medical reports concerning Olayinka Adeboyeku

**REQUEST NO. 8:** Any and all documents which contain or reflect oral or written statements of any person, including but not limited to defendant as defined in this production request, concerning, referring or relative to the facts and allegations made in defendant's answer to the complaint.

**RESPONSE:** As previously disclosed to the Plaintiff, Defendant is in the possession of a transcript of the underlying criminal proceeding. The document has been made available for inspection. Further, the documents referenced in the response to Request Number 7 contain or reflect oral and written statements which may be responsive to the request.

**REQUEST NO. 9:** All cellular telephone records of any individual identified as a manager of defendant for the months of June 1, 2004 through December 31, 2004 which include any reference to any of the telephone numbers of the employees identified on or listed on "Tony & Joe's Weekly Schedule, Door Staff", for the weeks beginning June 14, 2004, June 21, 2004 and July 19, 2004.

**RESPONSE:** With the exception of Dean Cibel, who is related to the principal owner of the Defendant and Gregory Casten who is an owner, the Defendant did not provide cell phones to any of its managers. Accordingly, those records are not in the care, custody or control of the Defendant. With respect to those two (2) individuals, the records for June and July, 2004 are attached and the records for the balance of the period are available for inspection.

          Respectfully submitted,
          CAIN & WYROUGH, P.C.

          /s/
          ―――――――――――――

RICHARD R. PAGE WYROUGH
15051 Marlboro Pike
Upper Marlboro, MD 20772
(301) 627-4600

Law Offices
*Cain & Wyrough*
15051 Marlboro Pike
Upper Marlboro, MD 20772
(301) 627-4600
fax: 627-2716

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of April, 2007, a copy of the foregoing was mailed first class, postage prepaid, and emailed to:

> Rick A. Rude, Esq.
> Suite 103
> 207 Park Avenue
> Falls Church, Virginia 22046

/s/
RICHARD R. PAGE WYROUGH

M:\Docs\RPW\Rude - Dancing Crab\2nd response to 2nd request for production of docs.wpd

Law Offices
*Cain & Wyrough*
15051 Marlboro Pike
Upper Marlboro, MD 20772
(301) 627-4600
fax: 627-2716

Law Offices
*Cain & Wyrough*
15051 Marlboro Pike
Upper Marlboro, MD 20772
(301) 627-4600
fax: 627-2716